**Shirley Jean WOODARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 01–09–00133–CR, 01–09–00134–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 2010.

---

Gael Plauche Harrison, Navasota, TX, for Appellant.

Elton Mathis, District Attorney, Hempstead, TX, for Appellee.

Panel consists of Justices JENNINGS, ALCALA, and SHARP.

## OPINION

ELSA ALCALA, Justice.

Appellant, Shirley Jean Woodard, appeals a judgment convicting her of possession of a controlled substance in an amount less than a gram (Count I) and possession of a controlled substance while in a correctional facility (Count II). *See* TEX. PENAL CODE ANN. § 38.11(d)(1) (Vernon Supp. 2010); TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (Vernon 2010). In two issues, appellant challenges the factual sufficiency of the evidence to establish possession of a controlled substance in an amount less than a gram and the legal sufficiency of the evidence to establish possession of a controlled substance while in a correctional facility. Concluding that the evidence is sufficient with respect to Count I, we affirm the judgment in appellate cause number 01–09–00133–CR. Concluding that the evidence is insufficient with respect to Count II, we reverse the judgment in appellate cause number 01–09–00134–CR and render a judgment of acquittal on the charge of possession of a controlled substance while in a correctional facility.

## Background

In September 2007, an unknown person called the Hempstead Police Department to report a disturbance in progress at a local residence. Officer O'Brien went to the residence where he met appellant and Lincoln Hanks who were arguing with each other. Hanks told the officer he was appellant's common-law husband. Hanks had a wounded lip and a cut on the right side of his face, injuries consistent with his having sustained an assault. Appellant, who was very upset with Hanks, bore no sign of injury. Officer O'Brien informed appellant that she was under arrest for domestic violence.

Officer O'Brien handcuffed and transported appellant to the Waller County Sheriff's Department Jail. Appellant's purse was transported with appellant from her house to the jail. Officer O'Brien did not ask appellant to bring the purse. According to Officer O'Brien, appellant "brought" the purse to the jail. He acknowledged, however, that she could not have carried it into the jail because she was in handcuffs.

Right before entering the jail, Officer O'Brien asked appellant if she had any contraband on herself or her person. Appellant answered, "no." Once inside, Officer O'Brien inventoried appellant's property in her presence. Inside appellant's purse, Officer O'Brien found a small, black notebook. Inside the notebook, he found a compartment housing a clear bag containing a white powder, which he believed to be cocaine. Upon this discovery, appellant denied that the bag and its contents were hers. Later chemical analysis confirmed that the powder contained cocaine.

At trial, appellant, who has been diagnosed as having bipolar disorder, testified that she constantly picks up and keeps in her purse anything on the ground that catches her eye, including things she does not use. Appellant explained that she does not think about what she is doing when she picks things up and that, on this particular occasion, did not consider whether the bag might have contained cocaine. Appellant testified that she has never used powder cocaine but that she previously had a drug problem with crack cocaine. Appellant testified that she quit smoking crack cocaine about a year prior to trial, which was approximately five months after her arrest.

Deputy Young, a narcotics agent familiar with street drug practices, testified

that the bag contained about three doses of cocaine, which could be smoked, injected, or inhaled. He also testified that, in his experiences, the typical user of cocaine usually would not throw away three doses.

The grand jury of Waller County indicted appellant on two counts. Count I charged that appellant "intentionally or knowingly possess[ed] a controlled substance, namely, cocaine, in an amount of less than a gram." Count II charged that appellant "intentionally or knowingly possess[ed] a controlled substance, namely, cocaine, while in a correctional facility, to-wit: Waller County Jail." Appellant pleaded not guilty and proceeded to a jury trial. The jury found appellant guilty on both counts and assessed punishment for Court I at 180 days in a state jail facility of the Texas Department of Criminal Justice and punishment for Count II at four years imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $500 fine.

### Sufficiency of the Evidence

Premised on two different periods of time during the same day, appellant was charged with two counts of possession of the same cocaine found in her purse. First, she was charged with possession of cocaine weighing less than a gram based the period of time during which she possessed her purse at her house prior to her arrest. Second, she was charged with possession of the same cocaine while in a correctional facility based on the period of time during which she was being booked into the Waller County Jail with her purse.[1]

### A. Standard of Review

This Court now reviews both legal and factual sufficiency challenges using the same standard of review. *Ervin v. State,* 331 S.W.3d 49, 52–55 (Tex.App.-Houston [1st Dist.] 2010, pet. filed) (construing majority holding of *Brooks v. State,* 323 S.W.3d 893, 912–13, 924–28 (Tex.Crim.App. 2010)). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *In re Winship,* 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 (1970); *Laster v. State,* 275 S.W.3d 512, 517 (Tex.Crim. App.2009); *Williams v. State,* 235 S.W.3d 742, 750 (Tex.Crim.App.2007). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson,* 443 U.S. at 314, 318 n. 11, 320, 99 S.Ct. at 2786, 2789 & n. 11; *Laster,* 275 S.W.3d at 518; *Williams,* 235 S.W.3d at 750. Additionally, the evidence is insufficient as a matter of law if the acts alleged do not constitute the criminal offense charged. *Williams,* 235 S.W.3d at 750.

If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982). An appellate court

---

1. Appellant has not asserted a double jeopardy complaint challenging her conviction for Count I, mere possession, as a lesser-included offense of Count II, possession in a correctional facility. *See Bishop v. State,* 308 S.W.3d 14, 16 n. 1 (Tex.App.-San Antonio 2009, pet. ref'd) (setting aside, on double jeopardy grounds, conviction for mere possession as lesser included offense of possession with intent to distribute same drugs).

determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim. App.2007) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App.2007)). In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.* (citing *Hooper*, 214 S.W.3d at 13). An appellate court presumes that the factfinder resolved any conflicting inferences in favor of the verdict and defers to that resolution. *See Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793; *Clayton*, 235 S.W.3d at 778. An appellate court also defers to the factfinder's evaluation of the credibility of the evidence and weight to give the evidence. *See Williams*, 235 S.W.3d at 750.

**B. Possession of Controlled Substance in Amount Less Than a Gram**

In her second issue on appeal, appellant challenges the factual sufficiency of the evidence to establish her conviction for intentionally or knowingly possessing a controlled substance in an amount less than a gram. As noted above, this conviction is premised on the period of time when appellant possessed the cocaine in her purse at her house.

**1. Applicable Law**

■ A person commits an offense if she intentionally or knowingly possesses a controlled substance in an amount less than a gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b). Cocaine is a controlled substance. *Id.* § 481.102(3)(D) (Vernon 2010). The State must prove that the defendant knew that the substance possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex.Crim.App.2006). To prove this, the evidence must support a reasonable inference that the accused knew the substance was contraband. *Travis v. State*, 638 S.W.2d 502, 503 (Tex. Crim.App.1982).

**2. Analysis**

■ Appellant concedes she possessed the bag containing the cocaine when the police arrived at her house. Her sole challenge to the sufficiency of the evidence is her assertion that she did not know that the white powdery substance was cocaine.

The jury could have rationally inferred that appellant knew the white powdery substance was cocaine. *See McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985) (knowledge, being subjective, must always be inferred to some extent in the absence of accused's admission). The evidence that she used crack cocaine within five months of her arrest supports an inference that she was sufficiently familiar with illegal cocaine products to have recognized that the powder was contraband. *See Evans*, 202 S.W.3d at 161.

The evidence that the substance was stored inside a compartment of a notebook that she kept in her purse along with her other personal belongings supports an inference that she hid the white powder because she knew that the substance was contraband. *See id.* Contrary to her trial testimony, in which she claimed that she did possess the bag but thought the powder it contained was an over-the-counter painkiller, appellant immediately denied ownership of the bag and the white powder upon their discovery by Officer O'Brien. From this denial of ownership, the jury could have rationally inferred that she knew the powder was contraband. *See id.* Viewing the evidence in the light most favorable to the verdict, we conclude

the jury could have rationally determined beyond a reasonable doubt that appellant knowingly possessed less than a gram of cocaine. *See Ervin,* 331 S.W.3d at 54–55. Accordingly, we hold the evidence is sufficient to sustain appellant's conviction for possession of controlled substance in an amount less than a gram.

We overrule appellant's second issue.

### C. Possession of Controlled Substance While in Correctional Facility

As we have noted above, appellant was charged with two counts for possessing the same bag of cocaine based on two different periods of time during the same day. Having upheld appellant's possession of cocaine for the period of time appellant possessed it inside her purse at her house, we next address the period of time when appellant was at the Waller County Jail. In her first issue on appeal, appellant challenges the legal sufficiency of the evidence to establish her conviction for possessing a controlled substance while in a correctional facility.

### 1. Applicable Law

■ A person commits an offense if she possesses a controlled substance while in a correctional facility or while on property owned, used, or controlled by a correctional facility. Tex. Penal Code Ann. § 38.11(d)(1). A county jail is a "correctional facility." *Id.* §§ 1.07(a)(14)(A) (Vernon Supp.2010), 38.11(f)(6)(A). A person possesses an object if she has actual care, custody, control, or management of that object. Tex. Penal Code Ann. § 1.07(a)(39). Possession requires the exercise of dominion and control over the thing allegedly possessed. *McGoldrick,* 682 S.W.2d at 578.

### 2. Analysis

■ Appellant's second issue focuses solely on whether the evidence is sufficient to establish that she exercised care, custody, control, or management of the cocaine when she was in the Waller County Jail during the period of time in which the contents of her purse were examined as she was booked for admission into the jail. Appellant admits the State proved that the purse belonged to her, that she had possession of the purse before her arrest, that the purse had cocaine in it when the police arrested her at her house, and that the purse arrived at the booking area, which is part of the county jail. However, appellant contends that from the moment of her arrest, she was placed in handcuffs and no longer had possession of her purse.

Although appellant did not personally carry her purse with the cocaine into the jail, possession is not limited to actual physical contact with the item. *See* Tex. Penal Code Ann. § 1.07(a)(39). Appellant could possess the item even if she did not physically maintain contact with it if the evidence showed that she otherwise had care, custody, control, or management over the cocaine. *See id.*

■ Furthermore, the officer's possession of the purse containing the cocaine could have been jointly possessed with appellant if the evidence showed that she had some actual care, custody, control, or management of it. *See Nunn v. State,* 640 S.W.2d 304, 305 (Tex.Crim.App.1982). To establish joint possession, a court considers the *Evans* factors to determine whether the defendant can be affirmatively linked to the drugs in order to establish that she knew of and possessed the drugs. *See Evans,* 202 S.W.3d at 162 n. 12;[2] *Fer-*

---

2. The following factors may circumstantially establish the sufficiency of the evidence to

prove knowing possession: (1) the defendant's presence when a search is conducted,

*guson v. State*, 313 S.W.3d 419, 423–24 (Tex.App.-Houston [1st Dist.] 2009, no pet.). Of those factors, only the eleventh factor, whether the defendant owned or had the right to possess the place where the drugs were found, is relevant to the present question. *See Evans*, 202 S.W.3d at 162 n. 12.

Appellant's ownership of the purse and the cocaine, standing alone, is insufficient to establish possession in this case because she did not exercise any dominion or control over the items. *See McGoldrick*, 682 S.W.2d at 578. The purse and its contents remained in Officer O'Brien's care and custody from the moment the purse entered the jail until it was inventoried and stored. As Deputy Young testified, when a person, such as appellant, is brought into the booking area, she is in police custody, and the officer, not the person in custody, has actual possession of the property that is inventoried and stored. We conclude appellant had no care or custody over the purse and its contents when it was in the jail.

The State contends on appeal that the cocaine was under appellant's control or management, asserting that it was appellant's decision to have her purse brought to the jail with her. The only evidence that the State points to in support of this assertion is Officer O'Brien's testimony that he did not request that appellant bring the purse to the jail. Assuming the jury inferred that the officer brought appellant's purse with appellant at her request, that request would have been made

while she was at her house. It is no evidence that, when she was at the jail, she maintained any care, custody, control, or management of the purse.

This Court is aware of situations where jails allow inmates to release their property to a third party. That type of decision by an inmate, perhaps, could constitute some control or management over property. However, here the record is silent as to whether appellant in fact retained such a right. Because the record fails to show that appellant could have released her property to a third party, no evidence in the record establishes that she maintained any control or management over her purse and its contents while she was in the Waller County Jail. We conclude that appellant's mere ownership of the purse and its contents, under these circumstances, is insufficient to establish that she exercised care, custody, control, or management over them while in the correctional facility. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(39); 38.11(d)(1); *Evans*, 202 S.W.3d at 162 n. 12.

This case is factually distinguishable from other Texas cases upholding convictions for illegal possession of a controlled substance or contraband item in the jail. In those cases and unlike here, there was some evidence that the defendant maintained some care, custody, control, or management of the contraband. *See e.g., Short v. State*, 995 S.W.2d 948, 950–52 (Tex.App.-Fort Worth 1999, pet. ref'd) (ev-

(2) whether the contraband was in plain view, (3) the defendant's proximity to and the accessibility of the narcotic, (4) whether the defendant was under the influence of narcotics when arrested, (5) whether the defendant possessed other contraband or narcotics when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of

contraband, (10) whether other contraband or drug paraphernalia were present, (11) whether the defendant owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex.Crim.App.2006).

idence legally sufficient to support attempted delivery of controlled substance to inmate where defendant, former probationary officer, had two fake marijuana cigarettes in her pocket); *Castillo v. State*, No. 07–06–0027–CR, 2007 WL 270425, at *1–*2 (Tex.App.-Amarillo Jan. 31, 2007, pet. ref'd) (not designated for publication) (finding evidence sufficient where defendant possessed drugs in coin purse in his pocket while in jail visitor area).

Although it could have rationally determined that appellant knew about the cocaine in her purse that came with her when she was arrested and placed in the patrol car, we conclude, viewing the evidence in the light most favorable to the verdict, that the jury could not have rationally determined beyond a reasonable doubt that appellant exercised care, custody, control, or management over the cocaine in the purse during the period of time when she was in the booking area of the Waller County Jail. *See Ervin*, 331 S.W.3d at 54–55. Accordingly, we hold that the evidence is insufficient to sustain appellant's conviction for possession of a controlled substance in a correctional facility.

We sustain appellant's first issue.

### Conclusion

We affirm the judgment of the trial court with respect to Count I, possession of a controlled substance in an amount less than a gram (appellate number 01–09–00133–CR). We reverse the judgment of the trial court and render a judgment of acquittal with respect to Count II, possession of a controlled substance while in a correctional facility (appellate number 01–09–00134–CR).