

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00267-CR

JEFFREY SHANE WISE                                          APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

# OPINION

------------

## I. Introduction

In two points, Appellant Jeffrey Shane Wise appeals his convictions for four counts of sexual assault, one count of indecency with a child, and eleven counts of possession of child pornography. We affirm in part and reverse and render in part.

## II. Background Facts

In the spring of 2007, when C.H. was sixteen years old, she began working at a McDonald's restaurant in Wichita Falls.[1]  Wise, who was in his forties, was her manager, and because she did not have a car and worked until late at night, he occasionally gave her a ride home.  Wise and C.H. began to talk on the phone.  One day, Wise took C.H. to his house, where they engaged in sexual intercourse.  Wise and C.H. then had many other sexual encounters at various places on later dates.  Also, C.H. took pictures of herself naked on a digital camera and on Wise's cell phone and gave them to him.

When the police learned about Wise's relationship with C.H., she agreed to let the police record a phone call from her to Wise.[2]  During the call, C.H. told Wise that her parents had discovered her relationship with him and wanted to talk to the police.  She and Wise then talked about some details of their sexual acts.

Wichita Falls Police Detective Alan Killingsworth obtained an arrest warrant for Wise and a search warrant for Wise's house.  When Detective Killingsworth executed the search warrant a few days after he recorded Wise and C.H.'s phone call, he found Wise at the house.  While other officers stayed at the house, Detective Killingsworth arrested Wise and took him to the police station,

---

[1]To protect C.H's identity, we use her initials.

[2]C.H. also drew a diagram of Wise's house for the police and gave them a love letter that Wise wrote to her; the letter was admitted into evidence at trial.

where he received admonishments about his constitutional rights and gave a confession in an oral statement.[3]

During the search of Wise's house, officers seized, among other items, a digital camera that contained a pornographic image of C.H., pornographic DVDs, a laptop computer, a Gateway desktop computer tower, phone cards, condoms, and a blindfold that Wise used during a sexual encounter with C.H. The police took photographs of the inside of Wise's house and took the laptop and Gateway tower to a forensics computer lab. Detective Killingsworth received a CD containing images that had been copied from the Gateway tower.

A Wichita County grand jury indicted Wise for four counts of sexual assault of C.H. (counts one through four of the indictment), eleven counts of possession of child pornography (count five, based on a picture of C.H., and counts eight through seventeen, based on images stored on the Gateway tower), and two counts of indecency with a child concerning other complainants (counts six and seven).[4] Wise filed a motion to suppress the evidence that police found at his house, contending that the warrant was not supported by an affidavit showing

---

[3]Wise told Detective Killingsworth that C.H. came to his house and they had sex in his bedroom more than twice, that he and C.H. performed oral sex on each other, that he used a dildo on her, and that he anally penetrated her on two occasions.

[4]*See* Tex. Penal Code Ann. § 21.11(a) (Vernon Supp. 2010) (indecency with a child), § 22.011(a)(2) (Vernon Supp. 2010) (sexual assault of a child); § 43.26 (Vernon 2003) (possession or promotion of child pornography).

probable cause. After the trial court denied the motion, Wise pleaded not guilty to all counts.

The jury convicted Wise of committing sixteen of the seventeen acts alleged in the indictment; it acquitted him of count seven, which concerned an alleged sexual encounter in 1997. The jury assessed Wise's punishment, and the trial court entered judgment on the verdict: counts one, two, and three— eighteen years' confinement and a $10,000 fine for each count; count four and six—twenty years' confinement and a $10,000 fine for each count; count five— eight years' confinement and a $10,000 fine; and for counts eight through seventeen—ten year's confinement and a $10,000 fine for each count. The trial court ordered that each of Wise's sentences run consecutively. This appeal followed.

### III. Suppression

In his first point, Wise argues that the trial court erred by denying his motion to suppress, contending that the facts recited in the search warrant affidavit "were insufficient from the totality of the circumstances" to show probable cause for seizing the computers at his house.

### A. Standard of Review

A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2010) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance

4

in which a search warrant is requested."); *Nichols v. State*, 877 S.W.2d 494, 497 (Tex. App.—Fort Worth 1994, pet. ref'd). When reviewing a magistrate's decision to issue a warrant, we apply a highly deferential standard in keeping with the constitutional preference for a warrant. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) ("[E]ven in close cases we give great deference to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement."); *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); *Emenhiser v. State*, 196 S.W.3d 915, 924–25 (Tex. App.—Fort Worth 2006, pet. ref'd).

Under the Fourth Amendment and the Texas constitution, an affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen*, 143 S.W.3d at 810–11; *Nichols*, 877 S.W.2d at 497. Probable cause exists to issue an evidentiary search warrant if the affidavit shows facts and circumstances to warrant a person of reasonable caution to believe that the criteria set forth in article 18.01(c) of the code of criminal procedure have been met. *Tolentino v. State*, 638 S.W.2d 499, 501 (Tex. Crim. App. [Panel Op.] 1982); *see* Tex. Code Crim. Proc. Ann. art. 18.01(c). The affidavit must set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense

5

or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place, or thing to be searched. *See* Tex. Code Crim. Proc. Ann. art. 18.01(c); *Tolentino*, 638 S.W.2d at 501.

A reviewing court should not invalidate a warrant by interpreting the affidavit in a hypertechnical manner. *See Rodriguez*, 232 S.W.3d at 59; *Tolentino*, 638 S.W.2d at 501 (explaining that "[n]o magical formula exists" for an affidavit's explanation of probable cause); *Nichols*, 877 S.W.2d at 498. Rather, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a commonsense and realistic manner, recognizing that the magistrate may draw reasonable inferences. *See Rodriguez*, 232 S.W.3d at 61 ("When in doubt, we defer to all reasonable inferences that the magistrate could have made."); *Davis v. State*, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Nichols*, 877 S.W.2d at 498. "The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit." *Rodriguez*, 232 S.W.3d at 62; *see Nichols*, 877 S.W.2d at 498 ("A warrant is not invalid merely because the officer failed to state the obvious."). The magistrate's determination should prevail in doubtful or marginal cases. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

**B. Analysis**

Wise argues that Detective Killingsworth's affidavit did not show that any evidence related to the offenses against C.H. would be found on the computers that the police seized from his house. The affidavit states in relevant part,[5]

> 1. There is in Wichita County, Texas a suspected place and premises. . . .
>
> 2. Said suspected place and premises are in charge of and controlled by . . . Jeffrey Shane Wise. . . .
>
> 3. It is the belief of the Affiant that a specific criminal offense has been committed, and he hereby charges and accuses that: Jeffrey Shane Wise did intentionally and knowingly commit the offense of sexual assault of a child. . . .
>
> 4. There is at said suspected place and premises, property and items concealed and kept, constituting evidence of said offense . . . , described as follows: a) Computers. . . .
>
> . . . .
>
> Affiant has probable cause for said belief by reason of the following facts: . . . .
>
> On 03-01-08 a sexual assault report was filed with the WFPD alleging that Jeffery Shane Wise, a 41 year old male, had engaged in sexual intercourse with a 16 year old female.
>
> On 03-03-08 during a recorded statement the victim disclosed information consistent with the offense of sexual assault of a child. . . .
>
> The victim advised that Wise requested on several occasions that she provide him with pictures of herself unclothed. The victim said while working at McDonald's she took pictures of her breasts

---

[5]We have changed the formatting of the text in the affidavit to make it more readable.

and vagina with Wise's Motorola cellular phone in the bathroom. She said each time this was done she would give the phone back to Wise after taking the pictures. The victim said at some point Wise provided her with a digital camera. The victim said this was possibly a Kodak digital camera. . . . The victim said she took three pictures of herself unclothed at her house with this camera. She said after taking these pictures she gave the camera back to Wise. The victim said Wise later advised her that he had saved these pictures on a memory card. The victim advised that Wise does have a desk top computer in his residence. She said she does not know if he saved these pictures on this computer or on some other storage device. The victim advised that during the time period she was talking to Wise she does not believe he was connected to the internet, however there was an occasion when he became [so] mad at her that he threatened to post the above pictures of her on the internet. The victim also advised that Wise had a lap top computer. However she said that Wise told her that this lap top did not work and that he needed to buy a part for it.

Wherefore, based on the . . . information noted in this document, Affiant asks for the issuance of a warrant that will authorize him to search said suspected place and premises for said personal property and seize the same.

Contrary to Wise's argument, we have held that a search warrant affidavit was sufficient to justify the seizure of a computer from a defendant's residence when the affidavit stated that the defendant had sex with an underage girl, told the girl that he had photos and a video of their sexual encounter, and threatened to put the photos "on the internet and show them to some people." *State v. Duncan*, 72 S.W.3d 803, 804–08 (Tex. App.—Fort Worth 2002, pet. ref'd). Likewise, the First Court of Appeals recently overruled a defendant's challenge to the denial of a motion to suppress evidence of child pornography discovered on computers seized from his home. *See Eubanks v. State*, 326 S.W.3d 231, 246–49 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). In *Eubanks*, the detective

8

who drafted the search warrant affidavit stated that he had probable cause to seize computer hardware because sexual assault victims had told someone that the defendant had assaulted them and had "made them pose for pictures in which they were sometimes partially or totally nude." *Id.* at 247. The detective then wrote that he "talked with League City evidence officer Thomas Garland and he advised that on a digital camera, even if the image has been deleted, if it was saved to the sim card or hard drive, then the deleted image would be recoverable." *Id.* The detective concluded his statement of probable cause, averring:

> Your affiant believes that the foregoing facts establish probable cause that the offenses of sexual assault were committed on or before October 11th, 2006, in Galveston County, Texas; that pictures, video and DVD's, computers and related computer equipment and storage devices, cameras and video recording devices if found in the premises described above, constitute[] evidence of said offense; and that the evidence to be searched for is likely to be located in said premises.

*Id*. The court held that although these facts did not establish that the defendant had a computer or digital pornographic images, they were sufficient to establish probable cause for the seizure of the defendant's computer. *Id.* at 248. The court reasoned,

> [t]he affidavit was supported by the complainants' allegations that appellant touched them inappropriately and they posed for inappropriate photographs. *Although neither complainant specifically mentioned the use of a digital camera or a computer, it was reasonable for the magistrate to infer from the information in the affidavit that the complainants were photographed and that a digital camera and computer could have been used in the process of taking inappropriate photographs of the girls and could probably be found*

9

*on the premises to be searched.* Furthermore, all of the information in the affidavit indicated that all of the assaults and pictures of the girls engaged in sexual conduct were taken at appellant's residence and that [one of the complainants] saw appellant hide some of the pictures in his bedroom. Thus, it was likewise reasonable for the magistrate to conclude that any items like photographs, computer equipment, or cameras used in the commission of the offenses [were] located in appellant's home.

*Id*. (emphasis added and citations omitted).

This case is factually similar to *Duncan*, and the facts here more strongly support probable cause for seizing Wise's computers than those in *Eubanks*. Here, after the affidavit recited details about Wise's sexual assaults of C.H., it explained that Wise had digital pictures of C.H. on two devices, that he had saved some of those pictures on a memory card, that he had a desktop computer in his house, and that he threatened to post the pictures of C.H. on the internet, which would likely have required the photos to be stored or transferred to a computer.

We conclude that a magistrate could reasonably conclude from these facts that the police had probable cause to believe that pictures of C.H. were located on Wise's computers. *See Rodriquez*, 232 S.W.3d at 60 (stating that probable cause is a "flexible and nondemanding" standard and that it exists when "there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location"); *see also McKissick v. State*, 209 S.W.3d 205, 212 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that an affidavit was sufficient to show probable cause for searching a defendant's computer when the affidavit

10

said that the defendant had taken inappropriate photographs of young females and that he had previously downloaded similar pictures onto his home computer); *Porath v. State*, 148 S.W.3d 402, 408–09 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (concluding that a search warrant affidavit was sufficient to allow seizure of the defendant's personal computer when the affidavit outlined the defendant's sexually-oriented communications with an underage boy over the internet). Therefore, we hold that the trial court did not err by denying Wise's motion to suppress, and we overrule his first point.

## IV. Evidentiary Sufficiency

In his second point, Wise contends that the evidence is insufficient to support the jury's verdict for possession of child pornography stored on the Gateway tower as alleged in counts eight through seventeen of the indictment.[6] Wise concedes in his appellate brief that the images taken from the tower constitute child pornography. However, he argues that the State failed to prove that he intentionally or knowingly possessed the images.

## A. Standard of Review

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*,

---

[6]The Gateway computer also contained images of "child erotica," which an officer described as legal but flirtatious pictures of children wearing panties or a brassiere.

11

443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).[7]  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

The trier of fact is the sole judge of the weight and credibility of the evidence.  *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.  *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."  *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder

---

[7]Wise challenges legal and factual sufficiency.  But after Wise filed his brief, the court of criminal appeals held that there is "no meaningful distinction between the . . . legal-sufficiency standard and the . . . factual-sufficiency standard, and these two standards have become indistinguishable." *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)).  Thus, the *Jackson* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt.  All other cases to the contrary . . . are overruled." *Id.* at *14.  Accordingly, we apply the *Jackson* standard of review to Wise's sufficiency complaints.

12

resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13. In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). If an appellate court finds the evidence insufficient under this standard it must reverse the judgment and enter an order of acquittal. *Woodard v. State*, No. 01-09-00133-CR, No. 01-09-00134, 2010 WL 5093848, at *3 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet. h.).

**B. Applicable Law**

A person acts intentionally with respect to the nature of the conduct when the person has a conscious objective or desire to engage in the conduct; a person acts knowingly when he is aware of the nature of his conduct. Tex. Penal Code Ann. § 6.03(a), (b) (Vernon 2003). Possession means actual care, custody, control, or management of the thing possessed. *Id*. § 1.07(a)(39) (Vernon Supp. 2010); *Liggens v. State*, 50 S.W.3d 657, 659 (Tex. App.—Fort Worth 2001, pet ref'd). Proof of a culpable mental state almost invariably

13

depends upon circumstantial evidence. *Krause v. State*, 243 S.W.3d 95, 111 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), *cert. denied*, 504 U.S. 974 (1992).

## C. Evidence

At trial, Amy Trippel, the digital forensics examiner who searched the Gateway tower, testified that she was asked to look for evidence of "pornography and chat logs and [that the police] were specifically looking for pictures of [C.H.]." Trippel found ten child pornography images in the computer's free space, which is unallocated space that is marked as available for use. Trippel indicated that files go into the free space upon deletion; she described free space as being

> like a card catalog in a – in a library. If I take the card out of the card catalog and throw it away, the library book is still there, but I just don't know where to go get it. And that's the same concept. If I delete a file, the file is still there, the operating system just doesn't know where to get it.

Trippel explained that there was no way to know where the image files came from, how they were placed on the computer (for example, whether they were viewed intentionally or popped up automatically while a user was looking at another website), or when they were created, modified, or viewed. Trippel indicated that the Gateway tower contained various viruses and that some viruses could make it possible for pornography to be stored on a computer without the user's knowledge; that anyone using a virus to place the images in free space would not be able to access them; that files placed into free space remain there until they are written over by other files; and that when a cached

14

temporary internet file is deleted, it goes into free space, at which time a forensic examiner cannot tell when the file was viewed. Wise's brother testified that Wise purchased the computer at a flea market in August 2006.

**D. Analysis**

Wise argues that the evidence is insufficient because the images in question were stored in free space "and the [S]tate failed to show that he had ever seen them or had any access to them." To support his argument, Wise distinguishes this court's previous decision affirming possession of child pornography when images were found in the free space on the defendant's computer. *See Perry v. State,* No. 02-06-00378-CR, 2008 WL 3877303, at *1–4 (Tex. App.—Fort Worth Aug. 21, 2008, pet. ref'd) (mem. op., not designated for publication). We agree that *Perry* is factually distinct from the present case. In *Perry*, Perry affirmatively uploaded pornographic images of children onto the internet, his computer did not harbor any viruses that could covertly place images on Perry's computer, and there was no evidence that the computer was purchased second-hand, leaving little doubt that Perry accessed and then deleted the pornographic images of children found in his computer's free space. *Id.* at *1, 3, 5.

Here, the uncontroverted testimony that Wise bought the computer second-hand at a flea market and the State's own expert witness's testimony admitting that the computer contained viruses capable of covertly placing images on the computer; that Wise could not access the images; and that it was

15

impossible to determine when the images were placed on to, accessed, or deleted from, the computer, do not meet the State's burden to prove beyond a reasonable doubt that Wise knowingly or intentionally possessed the images. *See Lancaster v. State*, 319 S.W.3d 168, 173 (Tex. App.—Waco 2010, pet. ref'd). We conclude that this evidence, even when viewed in the light most favorable to the verdict, could not lead a rational jury to find that Wise intentionally or knowingly possessed the child pornography images found in the free space of his computer. *See U.S. v. Kain*, 589 F.3d 945, 949 (8th Cir. 2009) ("The presence of Trojan viruses and the location of child pornography in inaccessible internet and orphan files can raise serious issues of inadvertent or unknowing possession."). Thus, we hold that the evidence is insufficient to support Wise's convictions in counts eight through seventeen of the indictment, and we sustain Wise's second point.

## V. Conclusion

Having overruled Wise's first point and sustained his second point, we affirm the trial court's judgment on counts one through six and reverse the trial court's judgment with respect to counts eight through seventeen and render a judgment of acquittal on those counts.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

LIVINGSTON, C.J. filed a concurring and dissenting opinion.

PUBLISH

DELIVERED:  March 3, 2011



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00267-CR

JEFFREY SHANE WISE                                         APPELLANT

V.

THE STATE OF TEXAS                                             STATE

------------

## FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## DISSENTING AND CONCURRING OPINION

------------

Today, the majority holds that when defendants possess illegal pornographic images on their computers but delete them and send them to their hard drives' free space before the police discover them, the State cannot prove intentional or knowing possession of the images. Majority op. at 15–16. Because the circumstantial evidence is sufficient to support the jury's determination to convict appellant for ten counts of possession of child pornography, I dissent to the portions of the majority's opinion and judgment that

acquit him of those charges. I concur with the majority's decision to affirm appellant's other convictions.

The standard for evidentiary sufficiency explained by *Jackson v. Virginia*[1] and *Clayton v. State*[2] is included but incorrectly applied in the majority's opinion, so it bears repeating here. *See* Majority op. at 11–13. The relevant question in an evidentiary sufficiency review is whether, after viewing the evidence in the light most favorable to the prosecution, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] *Clayton*, 235 S.W.3d at 778. Viewing the evidence in the light most favorable to the verdict "means that the reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). One product of the jury's lone role of assessing witnesses' credibility is that the jury "is free to believe or disbelieve the testimony of any witness, to reconcile conflicts in the testimony, and to accept or reject any or all of the evidence of either side." *Bottenfield v. State*, 77 S.W.3d

---

[1]443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

[2]235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

[3]Thus, the State is not required to prove guilt beyond *all* doubt. *See Turro v. State*, 950 S.W.2d 390, 397 (Tex. App.—Fort Worth 1997, pet. ref'd) (op. on remand) (explaining that in a "circumstantial evidence case . . . , it is unnecessary for the circumstances to exclude, to a moral certainty, every other feasible hypothesis").

2

349, 355 (Tex. App.—Fort Worth 2002, pet. ref'd), *cert. denied*, 539 U.S. 916 (2003). The jury's freedom to reject testimony applies even when the testimony is uncontroverted. *Wilkerson v. State*, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994).

The majority holds that the evidence is insufficient to show that appellant intentionally or knowingly possessed the illegal images found on his Gateway tower because

- the computer contained "viruses capable of covertly placing images";

- appellant could not access the images he was convicted for;

- the evidence did not show when the images were placed on, accessed, or deleted from the computer; and

- appellant's brother, Kerry, testified that appellant bought the computer at a flea market.

Majority op. at 15–16.

The majority mischaracterizes the evidence about the viruses on appellant's computer. Amy Trippel, the State's digital forensic examiner, testified that the computer had several viruses and then said that some viruses, hypothetically, are capable of remotely accessing a computer and storing images on it. Trippel did not say that the viruses found on appellant's computer served such a purpose. She did explain, however, that the probability of a malicious outsider using a virus to store child pornography in the free space of another computer is low:

3

[THE STATE:] Okay. Hypothetically, let's say a bad guy wants to store child porn on your computer to view later on, okay? And if he put it in your free space, he would have no way of retrieving those images of child porn to view because they're not linked to a specific number, code or other identifying number or code; is that correct?

A. Well, there would be no file allocation to --

Q. That's correct?

A. -- to show where the pointer was to where that file was.

Q. Okay. So if I'm a bad guy and I put porn on your computer, the last place I would put it would be on your free space, because I couldn't retrieve it to view it?

A. I don't see how you could.

Therefore, the jury could have rationally rejected the notion that the illegal images were placed on appellant's computer through a virus.

The jury could have also rationally disbelieved Kerry's second-hand testimony about appellant's buying the Gateway computer at a flea market.[4] Kerry described appellant as his "hero" and protector. Furthermore, during the State's questioning, Kerry hesitated to condemn appellant's sexual assault of a girl who was about twenty-five years younger than appellant was. Thus, the jury could have inferred that Kerry's testimony was biased. Next, the jury could have recognized that Kerry's claim to have specific knowledge about the Gateway computer seemed to be at odds with his unawareness about other parts of

---

[4]Kerry did not claim to have witnessed the purchase; he said, "I'd stopped by [appellant's] house on my -- it was a week or so around my birthday, he took me to get a hamburger. He had gotten . . . it from a flea market."

4

appellant's life, such as the name of appellant's former wife, the fact that appellant had sexually assaulted underage females, and information about other computers that appellant owned.

Even if believed, however, Kerry's testimony did not foreclose appellant's possession of the images but only presented the jury with a choice of who possessed them. Likewise, the fact that Trippel could not say when the images were placed on, accessed, or deleted from the computer did not preclude appellant's possession of them; Trippel's testimony only meant that there was no direct evidence that he did so. But circumstantial evidence alone may be sufficient to establish guilt. *Orr v. State*, 306 S.W.3d 380, 395 (Tex. App.—Fort Worth 2010, no pet.) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Thus, possession, intent, and knowledge may be proved by circumstantial evidence. *See Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Richardson v. State*, 328 S.W.3d 61, 66–68 (Tex. App.—Fort Worth 2010, pet. ref'd). In fact, proof of a culpable mental state almost invariably depends upon circumstantial evidence. *Krause v. State*, 243 S.W.3d 95, 111–12 (Tex. App.— Houston [1st Dist.] 2007, pet. ref'd) (holding that various items of circumstantial evidence showed that the defendant intentionally or knowingly possessed child pornography); *cf. James v. State*, 264 S.W.3d 215, 221 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (holding that "circumstances [were] sufficient for the jury to

infer that appellant knowingly possessed the firearm that was found near his feet").

The jury could infer appellant's intentional or knowing possession of the child pornography from the following circumstantial evidence:

- the Gateway tower was found in appellant's home, and the record does not contain evidence that anyone other than appellant lived at the home or had recently used that computer;

- the Gateway tower contained adult pornography and "child erotica," which Trippel described as legal pictures of children who are either partially clothed or nude;

- the child erotica was located in the My Documents folder of the computer within another folder named "childmodelsites.com";

- the Gateway tower contained, as temporary internet files that were viewed or created in 2007 or 2008 (after appellant's alleged purchase of the computer at a flea market), a file called youngpornandteensex @youngzilla.com and another file relating to a "hickey preteen model";

- appellant admitted while giving his statement to police that he visited pornographic websites and had seen pictures of "all different" ages of girls (but denied that there were pictures of underage females);

- Trippel also found "child erotica or suspected child porn" on a laptop computer, which apparently belonged to another person but was seized from appellant's house;

- appellant possessed other child pornography on a digital camera in his home;

- the State substantiated appellant's specific sexual interest in children through testimony of sexual assault victims; and

- the State showed appellant's general interest in pornography by proving that the police found pornographic DVDs at his house.

6

The majority's opinion ignores these facts and seems to hold that because there was no direct evidence that appellant possessed the illegal images and there were alternate hypotheses to his possession of them, the State failed to meet its burden.[5] Majority op. at 15–16. But a lack of direct evidence and the existence of alternative hypotheses will be common features of many cases in which illegal images have been deleted and reside in a computer's free space. These features should not prevent a conviction where a rational jury may nonetheless rely on circumstantial evidence to find the elements of the crime beyond a reasonable doubt. *See Clayton*, 235 S.W.3d at 778; *Orr*, 306 S.W.3d at 395.

I would affirm the convictions in counts eight through seventeen of appellant's indictment; I dissent from the majority's decision to reverse them.


TERRIE LIVINGSTON
CHIEF JUSTICE


PUBLISH

DELIVERED: March 3, 2011

---

[5]The circumstantial evidence supporting intentional or knowing possession in this case at least equals the evidence that we held to be sufficient to support a conviction for possession of child pornography in *Perry v. State*, No. 02-06-00378-CR, 2008 WL 3877303, at *1–4 (Tex. App.—Fort Worth Aug. 21, 2008, pet. ref'd) (mem. op., not designated for publication). *Perry* established that intentional or knowing possession of images is provable even when the images are stored in free or unallocated space. *Id.* at *3–4.

7