

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0473-11

---

**JEFFREY SHANE WISE, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WICHITA COUNTY

---

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. MEYERS, J. not participating.

### O P I N I O N

In this petition for discretionary review, the State contends the court of appeals erred

in finding the evidence insufficient to support convictions against appellant, Jeffrey Shane

Wise, for ten counts of possession of child pornography. *See Wise v. State*, 340 S.W.3d 818

(Tex. App.—Dallas 2011). The ten counts were for ten images of unknown children

discovered in the "free space"[1] of appellant's computer.  *See* TEX. PENAL CODE § 43.26 (possession or promotion of child pornography).[2]  The majority opinion held that the State failed to prove that appellant knowingly or intentionally possessed the images because the images could possibly have gotten on the hard drive innocently without appellant having ever seen or accessed them.  *See Wise*, 340 S.W.3d at 826.  Chief Justice Livingston dissented. *See id.* at 827-30 (Livingston, C.J., dissenting).  The State's petition for discretionary review challenges the majority opinion by asserting that the "Court of Appeals failed to properly apply the *Jackson v. Virginia* standard of review, and thereby erred in holding that the evidence was legally insufficient to prove that the appellant knowingly possessed the child pornography images found in 'free space' on the hard drive of his computer."  *See Jackson v. Virginia*, 443 U.S. 307 (1979).  The State contends that the majority opinion erroneously

---

[1]    When a file is deleted by a user, it is not completely wiped from the computer's hard drive. *See United States v. Moreland*, 665 F.3d 137, 142-43 (5th Cir. 2009).  It is, however, inaccessible to an ordinary user. *Id.* According to the State's expert, Amy Trippel, a digital forensics examiner, when a file is deleted, it isn't simply removed from the computer. The image or file still exists in the free space of the computer's hard drive, where it will remain until the files are written over.  Trippel compared deleting a file to removing a card from a card catalog in a library: "If I take the card out of the card catalog and throw it away, the library book is still there, but I just don't know where to go get it. And that's the same concept. If I delete a file, the file is still there, the operating system just doesn't know where to get it." Appellant's images were "deleted" images contained in his computer's free space.

[2]    The ten counts of possession of child pornography were tried together along with other offenses.  In addition to these convictions, appellant was convicted of four counts of sexual assault for his sexual acts with a former employee, one count of possession of child pornography for possessing a photo of the former employee on a digital camera, and one count of indecency with a child for sexual acts with his stepdaughter. *See* TEX. PENAL CODE §§ 22.011(a)(2) (sexual assault of a child), 43.26 (possession or promotion of child pornography), & 22.11(a) (indecency with a child).

applied the "reasonable hypothesis analytical construct" rejected in *Geesa v. State*, 820 S.W.2d 154, 156 (Tex. Crim. App. 1991). We conclude the majority opinion misapplied the standard of review for sufficiency by focusing on the possible alternative explanations, rather than determining whether the jury's inference was reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We reverse the judgment of the court of appeals and render a judgment affirming the trial court.

**I. Applicable Law for Sufficiency of Evidence of Possession of Child Pornography**

In determining whether the evidence is sufficient, a reviewing court views all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 895. When the record supports conflicting inferences, a reviewing court must "presume that the factfinder resolved the conflicts in favor of the prosecution" and defer to that determination. *Jackson*, 443 U.S. at 326. The factfinder exclusively determines the weight and credibility of evidence. *See id.* at 319; *Wirth v. State*, No. PD-1054-11, ___ S.W.3d ___, 2012 Tex. Crim. App. LEXIS 480, *8 (Tex. Crim. App. March, 21, 2012) (not yet reported).

The evidence-sufficiency standard of review is the same for both direct and circumstantial evidence. *Hooper*, 214 S.W.3d at 13. For the evidence to be sufficient, the

State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *See Geesa*, 820 S.W.2d at 156; *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999); *Brown v. State*, 911 S.W.2d 744, 746 (Tex. Crim. App. 1995). Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict. *Hooper*, 214 S.W.3d at 13.

A person commits possession of child pornography if he "knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" and he "knows that the material depicts the child" in this manner. TEX. PENAL CODE § 43.26(a). A person acts "intentionally" or with intent "with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id.* § 6.03(a). A person acts knowingly or with knowledge of the nature of his conduct or circumstances "when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b). The Texas Penal Code defines "possession" of contraband as "actual care, custody, control, or management." *Id.* § 1.07(a)(39).

This Court has never addressed whether a person can knowingly or intentionally possess child pornography that exists only in the free space of that individual's computer hard drive. This subject has rarely been discussed in intermediate courts in Texas, which have only briefly mentioned the subject. *See Lancaster v. State*, 319 S.W.3d 168, 173 (Tex.

App.—Waco 2010) ("[Appellant's] attempted deletion did not dispossess him of the recording."); *Carter v. State*, No. 05-05-01424-CR, 2006 Tex. App. LEXIS 10687, *7-12 (Tex. App.—Dallas 2006, pet ref'd) (not designated for publication) (discussing whether pornographic images at issue were accidentally downloaded); *Assousa v. State*, No. 05-08-00007-CR, 2009 Tex. App. LEXIS 3500, *12 n.3 (Tex. App.—Dallas 2009, pet. ref'd) (not designated for publication) (noting appellant's extensive knowledge of computer technology when discrediting his claim that he was unaware of images' existence on his hard drive).

Although courts in Texas have rarely addressed criminal intent in computer pornography, courts throughout the nation have discussed the peculiarities of determining knowing or intentional possession of computer pornography. Courts generally take two approaches to framing sufficiency analysis in cases involving child-pornography images discovered in a computer's cache or free space.[3] *See* Ty E. Howard, *Don't Cache Out Your Case: Prosecuting Child Pornography Possession Laws Based on Images Located in*

---

[3]  The majority of these cases involve a situation in which images are stored in a browser's cache. "A cache (pronounced 'cash') is a storage mechanism designed to speed up the loading of Internet displays. When a computer user views a webpage, the web browser stores a copy of the page on the computer's hard drive in a folder or directory. That folder is known as the cache, and the individual files within the cache are known as temporary Internet files. When the user later returns to a previously visited webpage, the browser retrieves the cached file to display the webpage instead of retrieving the file from the Internet." Ty E. Howard, *Don't Cache Out Your Case: Prosecuting Child Pornography Possession Laws Based on Images Located in Temporary Internet Files*, 19 BERKELEY TECH. L.J. 1227, 1229-30 (2004). The images at issue here were not found in the cache but rather were deleted images. Deleted images are more difficult to access than images in a computer cache. *See Moreland*, 665 F.3d at 143 (noting that "sophisticated expertise and special software [is required] to restore a deleted file"); *United States v. Tucker*, 305 F.3d 1193, 1204-05 (10th Cir. 2002) (noting that defendant could, if aware of files' existence, access cache files and use or view them like any other file), cert. denied, 537 U.S. 1223 (2003).

*Temporary Internet Files*, 19 BERKELEY TECH. L.J. 1227, 1253-54 (2004). Under the first approach, termed a present-possession approach, a court will analyze the sufficiency of the evidence to determine whether a defendant had the knowledge and ability to access the files in their present format. *Id.* at 1254-55. In the context of deleted files, if an ordinary computer could not access files that have been deleted by a user or an automatic computer program, then the defendant could not presently have care, custody, control, or management of the images. *See* Deanna M. Rice, *Note: Child Pornography, the Internet, and the Challenge of Updating Statutory Terms*, 122 HARV. L. REV. 2206, 2215-16 (2009).[4] Although images in a computer's cache without other supporting evidence have been determined to be insufficient in some cases, courts following this first approach note that the evidence would be sufficient when there is other evidence establishing that the images were presently knowingly or intentionally possessed.[5]

---

[4]     *See Moreland*, 665 F.3d at 148 (finding evidence insufficient to establish that defendant had requisite knowledge and ability to access images in computer cache and to exercise dominion or control over them); *United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006) (same); *United States v. Miller*, 527 F.3d 54, 67 (3d Cir. 2008) (considering "defendant's knowledge of and ability to access the storage area for the images" as a factor to determine whether the defendant "knowingly" possessed images); *United States v. Dobbs*, 629 F.3d 1199, 1209 (10th Cir. 2011) (rejecting argument that affirmatively seeking out child pornography is sufficient circumstantial evidence to sustain conviction for images found in browser cache).

[5]     *See, e.g., Tucker,* 305 F.3d at 204 (stating that appellant acknowledged he "purposefully visited Web sites containing child pornography knowing that the images would be stored on his computer's hard drive" in the cache folder); *Moreland*, 665 F.3d at 148 (noting that "in exclusive possession cases in which convictions have been upheld, the government has presented additional evidence of the defendant's knowledge, access and control of the child pornographic images."); *Kuchinski*, 469 F.3d at 863 (noting that evidence must show "some other indication of dominion and control over the images" when defendant lacks access to and control over files); *United States v. Romm*, 455 F.3d 990, 1001 (9th Cir. 2006) (noting

Under a second general approach, used by courts nationally, evidence of pornography found in a computer cache could be sufficient to support a conviction because the presence of the images in the cache is evidence that, at some earlier point, a defendant knowingly or intentionally possessed the images by viewing them online. *See* Howard, *supra*, at 1255. Under this framework, a defendant need not be aware that the image continued to exist on the computer, and the present accessibility of the image is not pertinent. *See id.* at 1259 (stating that, under "evidence of" approach, "the deletion of a temporary internet file has no bearing on the legal analysis of knowing possession"). Instead, the pertinent inquiry is whether a defendant had knowingly or intentionally possessed a pornographic image at a prior point in time. *See id.* Part of the difficulty using the second approach is that files lose some of their information upon deletion, such as when the image was created or how it came to be. *See Moreland*, 665 F.3d at 142 n.2. A forensic expert might not be able to tell whether the image, for example, was saved from an email attachment or perhaps was only a temporary internet file or the result of a virus on the computer. *See id.* ("Files found in the disk slack space are sometimes called 'orphan files,' as it is difficult or impossible to trace their origin or date of download.").

Although these two general approaches are instructive in explaining the difficulties

---

defendant's admitted knowledge and ability to access cache files), cert. denied, 549 U.S. 1150 (2007); *Assousa v. State*, No. 05-08-00007-CR, 2009 Tex. App. LEXIS 3500, *12 n.3 (Tex. App.—Dallas 2009, pet. ref'd) (not designated for publication) (arguing appellant's "thirteen years of experience as a software engineer and manager in the computer industry" provided sufficient evidence for a jury to find that appellant was aware of the existence of images in his computer's cache and free space).

of establishing criminal intent in the possession of computer pornography, we conclude that each case must be analyzed on its own facts. For computer-pornography cases, like all criminal cases, a court must assess whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence considered in the light most favorable to the verdict. *See Hooper*, 214 S.W.3d at 13.

## II. Analysis

As accurately observed by the Second Court of Appeals's majority opinion, the evidence in the record shows that appellant, who did not have technical skills in computer programming, was presently unable to access the deleted files that were in the free space of the computer. As the computer expert explained at trial, the deletion of the file made them inaccessible to anyone but a highly skilled computer specialist. Because appellant was not presently able to access the images, the jury would have had to determine that, before the images were deleted, appellant knowingly or intentionally had care, custody, control, or management of the images. *See* TEX. PENAL CODE §§ 1.07(a)(39) & 43.26(a).

The State correctly observes that the court of appeals erroneously focused on two alternative hypotheses that the images could have been placed on the computer without appellant's knowledge either through (1) a virus or (2) a previous owner of the computer. First, the court of appeals credited appellant's suggestion that viruses on his computer could have placed the images there, but the jury could reasonably have disregarded that evidence. *See Wise*, 340 S.W.3d at 826. Trippel did acknowledge in her testimony that there were

several viruses on the appellant's computer and that some viruses are capable of placing images on a computer without a user's knowledge. She, however, also testified that it was unlikely that the presence of viruses would explain the presence of the images in the free space of a computer. Her testimony was as follows:

[State]: Okay. Hypothetically, let's say a bad guy wants to store child porn on your computer to view later on, okay? And if he puts it in your free space, he would have no way of retrieving those images of child porn to view because they're not linked to a specific number, code or other identifying number or code; is that correct?

[Witness]: Well, there would be no file location to—

[State]: That's correct?

[Witness]: —to show where the pointer was to where that file was.

[State]: Okay. So if I'm a bad guy and I put porn on your computer, the last place I would put it would be on your free space, because I couldn't retrieve it to view it?

[Witness]: I don't see how you could.

[State]: Okay. Because it could go anywhere on your computer, you don't know?

[Witness]: Yes.

[State]: Because it's in free space—I mean, anywhere in free space?

[Witness]: Right.

Because the placement of a pornographic image on the free space of a computer would be inconsistent with the purpose for placing a virus on a computer, the jury could have

reasonably disregarded that explanation for the presence of the images. *See Wirth*, No. PD-1054-11, ___ S.W.3d at ___, 2012 Tex. Crim. App. LEXIS 480 at *8.

Second, the court of appeals erred by crediting appellant's suggestion that the images could have been placed on the computer by a prior owner of the computer and finding that to be an alternative hypothesis inconsistent with guilt. *See Wise*, 340 S.W.3d at 827. Suggesting that a prior owner of the computer could have placed the images on it, appellant's brother testified that appellant had purchased the computer at a flea market in 2006. Although the evidence was uncontroverted, the jury implicitly disregarded that suggestion. The jury could have reasonably determined that appellant's brother's testimony was biased in light of his relationship with appellant. Furthermore, the brother provided few details about the purchase; he did not explain from what vendor the computer was purchased, how it was paid for, or whether any receipt confirmed this claim. The jury could have reasonably determined that appellant's brother's generic description of a sale by an unidentified vendor at an unknown flea market was not the type of information that could be readily controverted by the State or reliable evidence. Uncontroverted evidence does not necessarily equate to credible evidence, particularly when the State could not readily controvert the evidence because of the lack of detail. *See Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

By focusing on the alternative hypotheses premised on the possibility of viruses or a prior owner placing the images on the free space of the computer, the court of appeals used

a sufficiency standard that has been abrogated by our Court. *See Geesa,* 820 S.W.2d at 156. Furthermore, the majority opinion erroneously failed to defer to the jury's exclusive determination of the weight and credibility of evidence. *See Wirth*, No. PD-1054-11, ___ S.W.3d at ___, 2012 Tex. Crim. App. LEXIS 480 at *8.

The majority opinion also erred by implicitly examining the evidence in the light favorable to appellant, focusing on the fact that he could not access the images in the free space of the computer and the absence of computer evidence to establish exactly when the images were placed on, accessed, or deleted from the computer. *See Wise*, 340 S.W.3d at 827. The evidence, however, should have been viewed in the light favorable to the State's verdict, as urged by Chief Justice Livingston's dissenting opinion that extensively detailed the evidence. *See id.* at 827-28 (Livingston, C.J., dissenting). Viewing the evidence in that light, the evidence shows that appellant's computer was seized after a search warrant was executed at his home. After the police seized appellant's computer, they discovered the ten images of child pornography in the free space of his computer. These images were of unknown female children.

The jury could have reasonably determined from the extensive evidence, which showed that appellant had a proclivity for child pornography and a prurient interest in children, that he knowingly and intentionally possessed the images that were in the free space of his computer before the images were deleted. The evidence showed that he had an improper sexual relationship with a 16-year-old girl who was formerly his employee at a fast-

food restaurant and that she gave him pornographic images of herself, which he kept on a digital memory card. Furthermore, the former employee was not the only child appellant had sexually assaulted. His stepdaughter testified that in 1999, when she was under 10 years old, appellant performed sexual acts on her.

In addition to these sexual assaults, evidence showed that appellant had used his computer to pursue his sexual interest in children. Aside from the image of the former employee, appellant's computer contained adult pornography and "child erotica."[6] These child erotica images were found in a folder labeled "childmodelsites.com" within the "My Documents" folder. Appellant acknowledged that he visited pornographic websites and had seen pictures of "all different" ages of girls, although he denied that any were underage. But appellant's disclaimer of visiting pornographic websites of children is discredited by temporary internet files suggesting visits to websites with child pornography. The State's expert testified to finding on appellant's computer a folder called "youngpornandteensex@youngzilla.com" and another file relating to a "hickey preteen model." These files were either viewed or created in 2007 or 2008 after he purportedly purchased the computer from the flea market. The jury could have reasonably inferred from appellant's possession of temporary internet files referring to "young porn" and "teen sex" that appellant knowingly and intentionally had possession of the other child pornography in the free space of his computer. *See Carter*, 2006 Tex. App. LEXIS 10687, at *5-6 (rejecting

---

[6]      State's Expert Amy Trippel defined child erotica as "a picture of a child either partially clothed or nude" that is not illegal.

appellant's argument that images were accidentally placed on his computer based, in part, on evidence that he had searched the internet with the term "pedophile" and had renamed files at some point before deleting them).

Although the court of appeals focused on the absence of any evidence to show when or by whom the images in the free space of the computer were created or moved there, the record does contain evidence of appellant's recent interest in photos depicting the sexualization of children as well as a history of sexually assaulting children. A jury could have reasonably rejected appellant's claims that the images were due to a virus or former computer owner and instead determined that appellant had a history of and present sexual attraction to children and that he intended to possess the pornographic images of the children that were in the free space of his computer. We hold that, viewing the totality of the evidence and inferences in a light most favorable to the verdict, the jury could have reasonably inferred that appellant knowingly had care, custody, control, or management of the ten pornographic images of unknown children found on the free space of his computer. *See Hooper*, 214 S.W.3d at 13.

### III. Conclusion

We reverse the judgment of the court of appeals and render a judgment affirming the trial court.

Filed: April 25, 2012

Publish