AFFIRM; Opinion issued November 27, 2012.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05–11–00497–CR

## RANDALL CLAYTON MAY, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 4
Collin County, Texas
Trial Court Cause No. 004-85198-09**

## MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice O'Neill

A jury convicted appellant Randall Clayton May of misdemeanor driving while intoxicated. He was sentenced to one hundred twenty days confinement, probated for five months, with a fine. On appeal, he argues the evidence is insufficient to support his conviction and that the trial court abused its discretion by admitting an oral offense report. We affirm the trial court's judgment.

### Background

On May 29, 2009, appellant picked up his friend Mark Cashman in Dallas and drove to Fort Worth to attend the Colonial golf tournament. Cashman admitted that both men had a couple of beers before leaving the tournament around 6pm. They ate dinner at The Mexican Inn before visiting a friend's house. Cashman denied that he or appellant drank any alcohol at dinner or at their friend's

house. When appellant drove the two men back to Dallas, Cashman said appellant was not drunk and had not lost the normal use of his mental or physical faculties from consuming alcohol.

Appellant dropped Cashman off around 9:30 or 9:45 p.m. At approximately 10:21 p.m., Agent Jay Odem was patrolling the northbound direction of the Dallas North Tollway when he observed a dark-colored SUV cross the solid white line and go onto the shoulder. Agent Odem activated his emergency lights after he observed the SUV cross the solid white line a second time. The SUV drifted a third time before Agent Odem activated his emergency siren. The driver still did not stop for approximately another mile. The driver finally turned into a Tom Thumb parking lot and stopped. However, the driver turned from the wrong lane.

As Agent Odem approached the vehicle, appellant attempted to get out. Agent Odem told him to stay in the vehicle, but he was having trouble getting back into the car. Agent Odem assisted him. Agent Odem then asked appellant some questions, but Agent Odem said he had "just a blank stare." He thought appellant wanted to answer but could not. Appellant provided his driver's license but was unable to produce insurance. Appellant's driver's license did not have any visual restrictions listed, nor did he have on glasses or contacts.

During the encounter, Agent Odem smelled alcohol coming from appellant's breath. Agent Odem asked appellant to get out of the car so he could conduct field sobriety tests. Before performing the horizontal gaze nystagmus test, Agent Odem asked appellant if he had suffered any recent head injuries, and appellant said yes. However, he was unable to articulate the exact nature of his injury or provide any further details. Agent Odem ran a test to determine if appellant, despite a head injury, was a good candidate for the HGN test. He confirmed that appellant's pupils were equal size and that both eyes tracked equally, which essentially would rule out a serious brain stem injury. Agent Odem determined appellant was a good candidate for the HGN test.

Agent Odem performed the HGN test, and appellant exhibited six out of six clues of intoxication. He also noted that appellant's eyes were red and glassy, he had to be reminded of the instructions, and he had difficulty keeping his head stationary.

Agent Odem then explained the walk and turn test to appellant. He had to repeat the instructions several times, and appellant had difficulty figuring out his left and his right foot. Agent Odem testified appellant never could get in the proper position for the test. Appellant "just walked through it" and exhibited seven out of eight clues of intoxication. "As a generalization, he didn't pretty much do anything I asked him to do in reference to that test."

Appellant also performed poorly on the one-leg stand test. He swayed, used his arms for balance, and put his foot down. Thus, he exhibited three out of four clues of intoxication. Agent Odem did not have any doubt in his mind appellant was intoxicated.

Agent Odem then asked appellant to submit to a blood and breath test but appellant refused. He arrested appellant for driving while intoxicated. He had to explain several times to appellant that he was under arrest. Agent Odem then put appellant in the front seat of his squad car.

At the time of appellant's arrest, Agent Odem had a civilian in his car participating in a "ride along." William Austin Porter testified he could smell the strong odor of alcohol coming from the front seat where appellant was sitting. He also described appellant's speech as sluggish and "slurring a little bit." When asked if appellant coherently responded to questions, he said "some were, some weren't." Porter testified that based on his observations of appellant during the field sobriety tests and in the car, appellant was drunk.

Appellant introduced medical records showing he had a history of eye problems that began in 2003. The records indicated he suffered from macular edema in his right eye and had cataracts in both eyes. He argued these problems would affect his performance on the HGN test. He further

introduced medical records showing he suffered from "cervical spine problems, thoracic spine problems, lumbar spine problems, and lower back syndrome." He argued these conditions would affect his performance on the walk and turn and one leg stand test.

The jury convicted appellant of driving while intoxicated. This appeal followed.

## Sufficiency of the Evidence

In his first issue, appellant argues the evidence is insufficient to support his conviction of intoxication by reason of alcohol consumption because the State did not rationally account for his eye disease and poor vision. The State responds the evidence was sufficient to support his conviction because the jury was free to disbelieve his claims that his eye condition affected his performance on the HGN test, and we must defer to the jury's determination. We agree with the State.

In reviewing the sufficiency of the evidence, the court considers all the evidence in the light most favorable to the jury's verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility given to witness testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The reviewing court may not act as the "thirteenth juror" and reweigh the jury's determinations of the weight or credibility of the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The standard is the same for both direct and circumstantial evidence. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The State need not disprove all reasonable hypotheses that are inconsistent with the defendant's guilt. *Id.* Rather, a court considers only whether the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the

evidence when considered in the light most favorable to the verdict. *Id.; see also Hooper v. State,* 214 S.W.3d 9, 12 (Tex. Crim. App. 2007).

The State had the burden of proving appellant operated a motor vehicle in a public place while intoxicated. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012). "Intoxicated" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011).

As a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for a DWI offense. *See Annis v. State,* 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Tubb v. State,* 2-08-400-CR, 2009 WL 3720166, at *2 (Tex. App.—Fort Worth Nov. 5, 2009, pet. ref'd) (mem. op., not designated for publication). In addition, evidence of intoxication may be proven by a combination of individual symptoms of intoxication that when taken individually do not necessarily prove intoxication. *Id.* The jury may also consider video of a defendant's performance on field-sobriety tests as direct evidence of intoxication. *See, e.g., Paschall v. State,* 285 S.W.3d 166, 177 (Tex. App.—Fort Worth 2009, pet. ref'd).

Appellant argues we should ignore these general rules because appellant's medical records explain his performance on the sobriety tests, and Agent Oden refused to conduct an objective investigation. Further, he alleges his nystagmus was likely caused by fatigue from walking around all day in the heat, not drinking enough water, and eating a heavy Mexican meal.

Appellant's arguments amount to nothing more than asking this Court to sit as the "thirteenth" juror and substitute our opinion for that of the trier of fact. While he has cited to authorities that explain nystagmus is an unreliable indicator of intoxication and may result from various congenital, pathologic, and toxic causes, appellant did not present any of these arguments

to the jury through an expert. Rather, the only explanation the jury heard regarding appellant's medical records was from the State through the testimony of Dr. Marcus Allen, an ophthalmologist specializing in retinal detachments and degeneration.

Dr. Allen testified appellant suffered from cataracts in both eyes and macular edema in his right eye. He explained fluid accumulated in the central part of the retina reducing vision in the right eye. He said appellant's condition would not prevent him from seeing the lines on the road and driving between them. Dr. Allen also specifically testified nystagmus is not a symptom a person generally experiences with appellant's diagnosis. He also testified that appellant's "social history" on his medical records indicated he consumed two alcoholic beverages a day.

Given Agent Odem's and Porter's testimony of appellant's performance on the sobriety tests and Dr. Allen's explanation of the medical records, it was not unreasonable for the jury to determine appellant was intoxicated. Further, Agent Odem and Porter testified they smelled a strong odor of alcohol coming from appellant. It was within the province of the jury to determine any conflicts in evidence, and they were unpersuaded by appellant's medical history regarding his back and eye issues.

Further, the jury saw and heard part of the videotape of appellant's performances on the sobriety tests. Appellant hesitated while answering questions and had difficulty completing his thoughts. The jury saw appellant struggle to follow simple instructions such as walking heel-to-toe nine steps during the walk and turn test and keeping his arms down by his side during the one-leg stand test. Appellant also had difficulty standing still while Agent Odem tried to handcuff him. The jury was free to consider the video as direct evidence of intoxication. *See Paschall*, 285 S.W.3d at 177.

Likewise, the jury was the sole judge of witness credibility and was free to disbelieve appellant's longtime friend, Mark Cashman, regarding the amount of alcohol they consumed at the golf tournament and whether appellant was driving normally that night. Further, while appellant argues in his brief that he was likely fatigued from eating a heavy Mexican dinner, there is no testimony in the record indicating what he ate at the restaurant or that eating a heavy Mexican meal could affect a person's ability to drive and perform field sobriety tests.

Accordingly, the evidence is sufficient to support appellant's conviction of driving while intoxicated. We overrule his first issue.

## Admission of Oral Offense Report

In his second issue, appellant contends Agent Odem anticipated appellant would be prosecuted for DWI and composed an "artful on-the-scene narrative," otherwise known as an inadmissible speaking offense report, which the trial court admitted as State's Exhibit 1. The redacted audio and video portions of the tape were played for the jury. Appellant objected the evidence was improper hearsay and bolstering. The State responded that Agent Odem was not describing appellant's performance and appearance for purposes of future litigation, but rather his observations were a natural part of communicating with appellant. Therefore, the State argues the audio and video portions were admissible under the present sense impression exception to the hearsay rule.

A trial court's decision regarding the admissibility of evidence is reviewed for an abuse of discretion. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Because trial courts are in the best position to decide questions of admissibility, appellate courts uphold a trial court's ruling on the admissibility of evidence when it is within the reasonable zone of disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.3d 372, 391 (Tex. Crim. App. 1991)).

Appellant filed a pretrial motion to suppress in which he urged the trial court to suppress the narrated and recorded commentary made by Agent Odem during the DWI investigation. The trial court granted the motion to suppress in part, and the State redacted portions of the videotape prior to trial. At trial, appellant objected to the remaining audio track, but the trial court overruled the objection and admitted it.

Appellant relies on *Fischer v. State*, 252 S.W.3d 375 (Tex. Crim. App. 2008) to support his argument. The issue before that court was whether a law enforcement officer's factual observations of a DWI suspect, contemporaneously dictated on his patrol car videotape, are admissible as a present sense impression exception to the hearsay rule under Texas Rule of Evidence 803(1). *Id.* at 376. The court concluded they are not. *Id.* In that case, after pulling over the driver for failing to wear a seatbelt, the officer conducted a road-side investigation into a suspected DWI offense. *Id.* The officer made four separate trips back to his patrol car for the specific purpose of narrating what he had seen, smelled, and heard during his investigatory stop. *Id.* at 385. He continually referred to the driver as "the subject" during his narratives. *Id.* at 384–85. He offered his opinions and conclusions about what his investigation revealed and how the driver performed on the field sobriety tests. *Id.* at 385.

The court of criminal appeals concluded "The recorded factual observations made by police officers investigating a suspected crime are not the type of 'non-reflective' street-corner statements of objective observers that the present sense impression exception is designed to allow." *Id.* at 383. Present sense impressions are admitted because they are non-narrative, off-hand comments made without any thought of potential litigation by a neutral and detached observer without any motive to fabricate, falsify, or exaggerate his observations. *Id.* The court further noted "on-the-scene observations and narrations of a police officer conducting a roadside investigation of a DWI offense

are fraught with the thought of future prosecution." *Id.*

Appellant contends the statements Agent Odem made during the stop "were calculated implied assertions, albeit cloaked as instructions to questions, that Appellant was intoxicated by reason of alcohol." We cannot agree with appellant's argument.

Unlike the officer in *Fischer*, Agent Odem did not repeatedly return to his patrol car to record a separate narration of his observations. Instead, Agent Odem made comments directly to appellant such as telling appellant to stay in his car, asking him to get out his license and insurance, and providing him basic instructions to the various sobriety tests. These were unreflective statements and instructions that were part of his communication with appellant that happened to be recorded, which the present sense impression exception to the hearsay rule allows. *See, e.g., Calderon v. State*, 08-09-00315-CR, 2011 WL 1734068 (Tex. App.—El Paso May 4, 2011, pet. ref'd) (not designated for publication) (distinguishing *Fischer* and concluding officer's videotaped statements to DWI suspect were not inadmissible hearsay because they were not part of a separate narration, but rather the officer's attempt to determine whether appellant was going to be able to complete the sobriety tests). They were not deliberate opinions and conclusions regarding appellant's intoxication that the court of criminal appeals disapproved in *Fischer*. Accordingly, the trial court did not abuse its discretion by admitting State's Exhibit 1. Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47        110497F.U05

–9–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RANDALL CLAYTON MAY, Appellant

No. 05-11-00497-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 4 of Collin County, Texas. (Tr.Ct.No. 004-85198-09).
Opinion delivered by Justice O'Neill, Justices FitzGerald and Lang-Miers, participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 27, 2012.


MICHAEL J. O'NEILL
JUSTICE