02-112-347-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00347-CR

 


 
 
 Hubert
 Ray
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 2
  
 of
 Tarrant County (1229140D)
  
 January
 31, 2013
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00347-CR

 

 


 
 
 Hubert Ray
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          A
jury found Appellant Hubert Ray guilty of aggravated assault with a deadly
weapon and assessed his punishment at seven years’ confinement.  The trial
court sentenced Ray accordingly.  In his sole issue on appeal, Ray challenges
the sufficiency of the evidence to support his conviction.  We will affirm.

          On
January 31, 2011, Ray and one of his friends, James Conner, were at a bar. 
Another group of people, consisting of Joshua Mooney and some of his friends,
were at the same bar.  After last call, as people were exiting the bar, Conner
took a drumstick from one of Mooney’s friends; the drumstick was a souvenir
from a band that Mooney and his friends had seen play earlier in the evening.  Outside
the bar, a scuffle broke out between Mooney and Conner as Mooney attempted to
retrieve the drumstick.  Mooney put Conner in a headlock, said, “If I let you
go, this is over,” released Conner, and walked back toward his friends.  Ray,
who had retrieved a golf club from the trunk of his car, took the cover off of
the club and approached Mooney saying, “Let’s tee it up.  You want to go.”  Ray
swung the club like a baseball bat; conflicting evidence exists concerning
whether he hit Mooney on the first swing or swung multiple times before he
struck Mooney.  The golf club struck Mooney in the head, and Mooney fell to the
ground.  As a result, Mooney suffered a closed-head injury, a skull fracture, a
scalp laceration, lung bruising, and a broken leg.

Ray
asserts in his sole issue on appeal that the evidence is insufficient to
support his conviction for aggravated assault with a deadly weapon.  Ray
committed the offense of aggravated assault with a deadly weapon if he (1)
intentionally or knowingly[2] (2) caused bodily injury
to Mooney (3) while using or exhibiting a deadly weapon, to-wit:  a golf club. 
See Tex. Penal Code Ann. §§
22.01(a)(1), 22.02(a)(2) (West 2011).  Ray argues that the evidence is
insufficient to establish that he acted either knowingly or intentionally.

In
our due-process review of the sufficiency of the evidence to support a
conviction, we view all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Wise v.
State, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).  This standard gives
full play to the responsibility of the trier of fact to resolve conflicts in
the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Blackman v. State, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The
trier of fact is the sole judge of the weight and credibility of the evidence. 
See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Wise, 364
S.W.3d at 903.  Thus, when performing an evidentiary sufficiency review, we may
not re-evaluate the weight and credibility of the evidence and substitute our
judgment for that of the factfinder.  Isassi v. State, 330 S.W.3d 633,
638 (Tex. Crim. App. 2010).  Instead, we determine whether the necessary
inferences are reasonable based upon the cumulative force of the evidence when
viewed in the light most favorable to the verdict.  Sorrells v. State,
343 S.W.3d 152, 155 (Tex. Crim. App. 2011).  We must presume that the
factfinder resolved any conflicting inferences in favor of the verdict and
defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Wise, 364 S.W.3d at 903.

Here,
Ray points out that conflicting evidence exists in the record concerning how
many times he swung the golf club before striking Mooney––Ray argues that the
evidence shows that he was trying only to threaten Mooney into retreating or to
scare Mooney away, not that he was knowingly or intentionally trying to cause
bodily injury to Mooney.  Ray also points out that conflicting evidence exists
in the record concerning the positions and postures of Mooney and Ray when Ray
struck Mooney; one witness––Conner––testified that Ray was telling Mooney to
“get back” and that Ray himself was actually “stepping back” as Mooney
continued to taunt him.

This
conflicting evidence, however, does not automatically render the entirety of
the evidence insufficient to support Ray’s conviction.  We must view all of the
evidence in the light most favorable to the conviction to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson, 443
U.S. at 326, 99 S. Ct. at 2793; Wise, 364
S.W.3d at 903.  The uncontroverted evidence establishes that Ray went to his
car and retrieved the golf club; that he took the head cover off of the club;
that he approached Mooney with the club; that he swung the club; and that he
struck Mooney in the head with the club.  The jury was free to disregard the
testimony of Conner––Ray’s friend––concerning the position and the posture of
Ray and Mooney when Ray struck Mooney.  See Wise, 364 S.W.3d at 903.  The cumulative force of
the evidence when viewed in the light most favorable to the jury’s verdict also
supports the reasonable inference that Ray either knowingly or intentionally
caused bodily injury to Mooney because he retrieved the club, removed the head
cover from the club, and swung the club at Mooney’s head; he did not jab at
Mooney or swing at Mooney’s shins.  See, e.g., Castillo v. State,
899 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1995, no pet.).

Because
the evidence is sufficient to support Ray’s conviction for aggravated assault
with a deadly weapon, including that he knowingly or intentionally caused
bodily injury to Mooney, we overrule Ray’s sole issue.  We affirm the trial
court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 31, 2013









[1]See Tex. R. App. P. 47.4.





[2]The indictment did not allege that the assault was caused
recklessly, and the jury charge did not authorize Ray’s conviction based on
reckless conduct.