

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00347-CR

| | | |
|---|---|---|
| Hubert Ray | § | From Criminal District Court No. 2 |
| | § | of Tarrant County (1229140D) |
| v. | § | January 31, 2013 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00347-CR

HUBERT RAY                                                          APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Hubert Ray guilty of aggravated assault with a deadly weapon and assessed his punishment at seven years' confinement. The trial court sentenced Ray accordingly. In his sole issue on appeal, Ray challenges the sufficiency of the evidence to support his conviction. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

On January 31, 2011, Ray and one of his friends, James Conner, were at a bar. Another group of people, consisting of Joshua Mooney and some of his friends, were at the same bar. After last call, as people were exiting the bar, Conner took a drumstick from one of Mooney's friends; the drumstick was a souvenir from a band that Mooney and his friends had seen play earlier in the evening. Outside the bar, a scuffle broke out between Mooney and Conner as Mooney attempted to retrieve the drumstick. Mooney put Conner in a headlock, said, "If I let you go, this is over," released Conner, and walked back toward his friends. Ray, who had retrieved a golf club from the trunk of his car, took the cover off of the club and approached Mooney saying, "Let's tee it up. You want to go." Ray swung the club like a baseball bat; conflicting evidence exists concerning whether he hit Mooney on the first swing or swung multiple times before he struck Mooney. The golf club struck Mooney in the head, and Mooney fell to the ground. As a result, Mooney suffered a closed-head injury, a skull fracture, a scalp laceration, lung bruising, and a broken leg.

Ray asserts in his sole issue on appeal that the evidence is insufficient to support his conviction for aggravated assault with a deadly weapon. Ray committed the offense of aggravated assault with a deadly weapon if he (1) intentionally or knowingly[2] (2) caused bodily injury to Mooney (3) while using or exhibiting a deadly weapon, to-wit: a golf club. *See* Tex. Penal Code Ann. §§

_____

[2]The indictment did not allege that the assault was caused recklessly, and the jury charge did not authorize Ray's conviction based on reckless conduct.

3

22.01(a)(1), 22.02(a)(2) (West 2011). Ray argues that the evidence is insufficient to establish that he acted either knowingly or intentionally.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). We must presume that the factfinder resolved any conflicting

4

inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

Here, Ray points out that conflicting evidence exists in the record concerning how many times he swung the golf club before striking Mooney—Ray argues that the evidence shows that he was trying only to threaten Mooney into retreating or to scare Mooney away, not that he was knowingly or intentionally trying to cause bodily injury to Mooney. Ray also points out that conflicting evidence exists in the record concerning the positions and postures of Mooney and Ray when Ray struck Mooney; one witness—Conner—testified that Ray was telling Mooney to "get back" and that Ray himself was actually "stepping back" as Mooney continued to taunt him.

This conflicting evidence, however, does not automatically render the entirety of the evidence insufficient to support Ray's conviction. We must view all of the evidence in the light most favorable to the conviction to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903. The uncontroverted evidence establishes that Ray went to his car and retrieved the golf club; that he took the head cover off of the club; that he approached Mooney with the club; that he swung the club; and that he struck Mooney in the head with the club. The jury was free to disregard the testimony of Conner—Ray's friend—concerning the position and the posture of Ray and Mooney when Ray struck Mooney. *See Wise*, 364 S.W.3d at 903. The

5

cumulative force of the evidence when viewed in the light most favorable to the jury's verdict also supports the reasonable inference that Ray either knowingly or intentionally caused bodily injury to Mooney because he retrieved the club, removed the head cover from the club, and swung the club at Mooney's head; he did not jab at Mooney or swing at Mooney's shins. *See, e.g.,* *Castillo v. State*, 899 S.W.2d 391, 393 (Tex. App.—Houston [14th Dist.] 1995, no pet.).

Because the evidence is sufficient to support Ray's conviction for aggravated assault with a deadly weapon, including that he knowingly or intentionally caused bodily injury to Mooney, we overrule Ray's sole issue. We affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 31, 2013