**AFFIRMED; Opinion Filed November 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00050-CR

## LEONSEO RODRIGUEZ-VASQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 380th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 380-82798-2012

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang and Brown
Opinion by Justice Lang

Leonseo Rodriguez-Vasquez appeals his conviction for two counts of aggravated sexual assault of a child under six years of age. In a single issue, appellant contends the evidence is legally insufficient to sustain the conviction. We affirm the trial court's judgment.

EVIDENCE PRESENTED

Luke Grant, a Plano police detective, testified that in August 2011, he investigated allegations that appellant and his brother Miguel had sexually assaulted the five-year-old daughter of Miguel's girlfriend. The alleged assaults occurred in January 2011. Grant testified he observed the complainant's forensic interview at the Collin County Children's Advocacy

Center. Grant testified that by the time he began his investigation, the complainant's family had moved from the apartment in which the sexual abuse had occurred to another apartment within the same complex. Thus, there was no crime scene to investigate. Grant testified that based on his experience investigating crimes against children, it is not unusual for there to be no physical evidence in cases with delayed outcry. Grant further testified that Miguel was convicted in an earlier trial and was currently in prison.

The complainant's mother, testified that in January 2011, she and her two children lived in an apartment with her boyfriend Miguel. Appellant and Miguel are brothers. Appellant lived in Wylie with his sister, and he would visit Miguel at their apartment. Mother testified that on at least one occasion, Miguel called appellant and asked him to babysit Mother's daughter and son because both Miguel and Mother had to go to work. Mother testified she was present when Miguel called appellant and asked him to babysit, but she had gone to work before appellant arrived. Mother testified that one day, her daughter told her that Miguel and appellant had "abused" her. Mother could not recall the exact date, but she said her daughter was clear about what had happened to her. Mother testified her daughter gradually told her about the sexual abuse over a period of time, telling her first about Miguel and then about appellant. Mother testified that at some later time, her daughter became sick and Mother took her to the hospital. While there, Mother asked the doctor to examine her daughter for possible sexual abuse.

During cross-examination, Mother testified appellant never lived with them, but he would visit their apartment and "take care of the kids." Appellant never spent the night with them, but appellant was alone with the complainant during the day. At the time that she took her daughter to the hospital, Mother and Miguel had moved to a different apartment in the same complex.

Mother testified that she did not see appellant at her apartment caring for the complainant because she left for work "very early" and Miguel would leave later.

Vanessa Lozada, a registered nurse and certified bilingual interpreter, testified that on April 20, 2012, she acted as an interpreter for Mother and the complainant, during a non-acute exam at the hospital. Lozada testified an exam performed more than 120 hours after an assault is described as non-acute. Lozada testified the complainant stated she was there to talk about what had happened to her by her stepfather, who was named Miguel, and her stepfather's brother. The complainant stated both men were present when appellant took off her clothes, kissed her, and did "nasty things" to her. The complainant stated appellant "touched her inside." The complainant pointed to the vagina on a female body map and said that her stepfather's penis touched her inside and outside, and appellant touched her inside. Lozada testified the complainant was unsure what date the sexual abuse occurred, but the complainant was "very clear" about who did what to her. Lozada testified the physical exam found no trauma to the complainant's vaginal area, which was not surprising given that the alleged abuse had occurred more than 120 hours before the exam. Lozada testified that the genital area has a "very elastic tissue and [it] heals really, really fast."

The complainant was eight years old at the time of the trial. The complainant testified she was there to testify that appellant did something to her that he should not have done. She said the "bad thing" with appellant happened twice while her younger brother was asleep, her mother had gone to work, and her stepfather was out helping a relative. Appellant was babysitting her and her brother. The complainant testified that while she sat on the couch, appellant touched her body "where you pee" with his "thing." The complainant said appellant uses his "thing" to "pee." The complainant testified appellant also used his hand and touched her

"where you go poop," and used his "thing" to touch her "where you go poop." After appellant was done, the complainant went to her brother's room and locked the door. The complainant testified she told her mother right away about what appellant had done. The complainant testified she did not know the exact date the "bad things" had occurred, but she said she was younger than six and in kindergarten.

During cross-examination, the complainant testified appellant's trial was the second trial that she had to talk about what happened to her. The complainant said she also talked to the prosecutor, a helper to the prosecutor, a hospital nurse, and another person who made pictures of her. The complainant testified the prosecutor told her the most important thing to do in the courtroom was to tell the truth. The complainant testified that both appellant and her stepfather did "things" to her at different times, but not when the men were together.

Lisa Martinez, a forensic interviewer at the Collin County Children's Advocacy Center, testified she interviewed the complainant on September 19, 2011. Martinez testified the complainant's delayed outcry is not unusual with child victims of sexual abuse. The complainant did not know her birthday date, which indicated the complainant was being truthful whenever she said "I don't know." Martinez testified she used anatomically-correct drawings of a man and a girl-child when she interviewed the complainant. Martinez testified that the complainant used age-appropriate words to described sexual abuse by two different individuals, her stepfather and appellant. The complainant did not appear to be confused or uncertain, she was open and talkative for a five-year-old, and she was consistent with her statements. Martinez testified she saw no indication the complainant had been coached.

Appellant's wife Bianca and his sister Eloisa testified on his behalf. Bianca testified she met appellant in May 2010 and they were married in February 2012. In 2011, she and appellant

lived with appellant's sister Eloisa in Wylie. Bianca testified appellant never visited Miguel and Mother at their apartment because appellant was always with her when he was not at work. Bianca testified appellant never babysat Mother's children, and he worked five days a week and returned home at exactly 5:45 p.m. daily. Eloisa testified appellant never went inside Mother's apartment because he would always visit with Miguel in the parking lot of the complex.

The trial court found appellant guilty of both counts of aggravated sexual assault of a child younger than six years and sentenced him to twenty-five years' imprisonment on each count.

### APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); Wise *v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

To obtain the convictions for the aggravated sexual assault of a child offenses, the State had to prove beyond a reasonable doubt that appellant, on or about the dates specified, intentionally or knowingly caused the contact and penetration of the anus and sexual organ of the complainant by any means, and that the complainant was younger than six years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (f)(1) (West Supp. 2015).

DISCUSSION

Appellant contends the evidence was legally insufficient because (1) nothing linked him to the offenses, (2) there was no actual crime scene linking him to the offenses, and (3) witnesses established that he never had unsupervised visits with the complainant. Appellant asserts the only direct witness was the complainant, who was eight years old at the time of trial and who gave conflicting testimony. The State responds that the evidence is sufficient to support appellant's conviction because the complainant's testimony established all the elements of the offenses.

Conflicting evidence was presented at trial. The complainant described sexual abuse by appellant to her mother, a nurse, a forensic interviewer, and at previous trial involving Mother's boyfriend. A child victim's testimony alone is sufficient to support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2015); *Revels v. State,* 334 S.W.3d 46, 52 (Tex. App.—Dallas 2008, no pet.). Additionally, the complainant testified appellant had stayed alone with her and her brother while her mother and appellant's brother Miguel were at work. Mother likewise testified that on at least one occasion appellant babysat the complainant and her brother. On the other hand, both Bianca and Eloisa testified appellant never babysat Mother's children or even went inside Mother's apartment. It was the trial judge's role, as fact finder, to reconcile conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

Viewing the evidence under the proper standard, we conclude a rational trier of fact could find beyond a reasonable doubt that appellant committed the offenses. Thus, the evidence is sufficient to sustain the convictions for two counts of aggravated sexual assault of a child younger than six years. Appellant's sole issue is decided against him.

We affirm the trial court's judgment.

/s/ Douglas S. Lang
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150050F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

LEONSEO RODRIGUEZ-VASQUEZ,
Appellant

No. 05-15-00050-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 380th Judicial District
Court of Collin County, Texas (Tr.Ct.No.
380-82798-2012).
Opinion delivered by Justice Lang,
Chief Justice Wright and Justice Brown
participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 25th day of November, 2015.