**Affirm and Opinion Filed August 25, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00187-CR

### MILVIO SALGUERO-GONZALEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80804-2020**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

A jury found appellant Milvio Salguero-Gonzalez guilty of aggravated sexual assault of a child under the age of six; the jury assessed his punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant raises two issues in this Court, challenging generally the sufficiency of the evidence supporting his conviction for sexual assault and challenging specifically the sufficiency of the evidence that the complaining witness was under six years of age at the time of the offense. We affirm the trial court's judgment.

## Background

When the complaining witness, J.G., was ten years old, her school gave a presentation about personal safety. After the presentation, J.G. had a conversation with her school counselor; after their conversation, the counselor contacted Child Protective Services. CPS, in turn, contacted the Plano Police Department. Detective Chris Jones, an investigator of crimes against children for that Department, arranged for J.G. to have a forensic interview at the Children's Advocacy Center.

Kayleigh Ishmael conducted the forensic interview. J.G. told her that her "Uncle Milvio" was babysitting her at his apartment because both of her parents had to work.[1] J.G. said that appellant's son, E.G., was there with her. The children were playing a game, pretending they were brother and sister; appellant was playing the dad. J.G. said that appellant told her to be the mom; although she did not want to play the mom, she did. Appellant proceeded to take J.G. to a room in the apartment and lock the door. J.G. was lying on the bed. Appellant took her pants and her underwear off, and he put his finger inside of her "private part." J.G. described the private part as the part that girls use to pee when they go to the restroom. She stated that his hand was moving and that her private part felt "weird." She told Ishmael that she felt weird in her stomach, and she wondered to herself whether her uncle was supposed to do this. J.G. said E.G. knocked at the door and wanted ice cream. So

---

[1] Although J.G. referred to appellant as her uncle, he was actually her father's cousin.

appellant stopped and told J.G. to put her clothes back on. And he told her quietly not to tell anyone what happened; if she told, he said her parents would be hurt. He left then to get E.G. ice cream. J.G. said she went back to the couch and watched TV to try and take her mind off what had happened.

Jones watched J.G.'s interview on a television screen and interviewed the child's parents, who had brought her to the Center. Jones then obtained an arrest warrant for appellant, arrested him, and interviewed him. Appellant repeatedly denied the accusation, stating that he was never alone with J.G.

At trial, J.G.'s mother testified to background facts including J.G.'s birthdate and her separation from J.G.'s father; she also identified a series of photographs of J.G. Jones testified concerning appellant's post-address interview. Ishmael described the forensic interview, and J.G. testified consistent with that interview.

The jury found appellant guilty and assessed his punishment at fifty years' confinement. This appeal followed.

### Sufficiency of the Evidence

Appellant challenges the sufficiency of the evidence to support his conviction for aggravated sexual assault of a child under the age of six. The State alleged in his indictment, and thus was required to prove beyond a reasonable doubt, that appellant penetrated J.G.'s female sexual organ with his finger when J.G. was younger than six years old. *See* TEX. PENAL CODE ANN. § 22.01(a)(1)(B)(i), (f)(1).

When we review the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate the weight of the evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Nor may we replace the factfinder's judgment with our own. *Id*. The jury exclusively determines the credibility of the witnesses and the weight to be given their testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Our duty is to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

Appellant emphasizes that J.G.'s outcry was delayed some four years. But Ishmael testified that a delayed outcry like J.G.'s was "normal." Indeed, she testified that in most instances, a child's outcry was delayed rather than immediately following the incident.

Appellant opines that a one-time assault "is not the pattern of a child sex offender." And he contends that the police conducted a "shoddy" investigation, asserting that "[l]aw enforcement does not take these cases seriously because they know that it will not take much effort to instill fear about the mythical boogeyman/child predator to a Collin County jury." He suggests that J.G.'s parents' arguments and separation caused her to feel neglected and to accuse appellant for

–4–

attention from them. Appellant makes these charges—identifying no supporting evidence—in an apparent effort to undermine J.G.'s credibility. But it is the jury, not this Court, that decides whether to believe any witness's testimony. *See Wise v. State*, 364 S.W.3d at 903.

As the designated outcry witness, Ishmael testified at trial to what J.G. told her in the forensic interview. And J.G. testified that appellant took her to a bedroom and locked the door. He had her lie down on the bed, and he told her to take her pants off and pull down her underwear. Then he stood in front of her and put his finger inside her where she pees. Appellant moved his hand while his finger was inside her. He stopped when J.G.'s young cousin knocked on the door and asked for ice cream. Appellant had J.G. get dressed and then told her that "if [she] told [her] parents that something bad was going to happen to them."

The testimony of a child victim without any corroboration is sufficient to support conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. art. 38.07. We conclude the evidence is sufficient to establish that appellant committed the sexual assault of J.G. as the indictment alleged. We overrule his first issue.

As to J.G.'s age at the time of the assault, which appellant challenges in his second issue, our review of the record gleaned the following facts:

- J.G. was born June 24, 2009.

- At the time of her forensic interview—on December 23, 2019—J.G. was ten years old.

- J.G. told Ishmael that she was 3 or 5 when the incident occurred.

- J.G. testified that the incident occurred before appellant's younger son, I.G., was born.

- During his post-arrest interview—on December 23, 2019—appellant told Detective Jones that I.G. was six years old.

- J.G.'s mother identified State's Exhibit 7 as a photograph from J.G.'s fifth birthday; she identified appellant and his wife, holding young I.G., in the background of the photograph.

- On cross-examination, J.G. was asked "Is it possible that you could have been 6 or 7 when it happened?" She responded, "Probably."

Appellant relies on this final fact to argue that the evidence is insufficient to prove J.G. was under six at the time of the offense. We agree that J.G.'s response is some evidence.

However, other evidence supports the jury's finding. We know the ages of both children on December 23, 2019: appellant told Jones that I.G. was six then, and we know that J.G. was ten then. Jurors could draw reasonable inferences from that information: (1) I.G. was born either sometime in 2013, or during the very last week of 2012; and (2) J.G. was approximately four years older than I.G. *See Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007) (jurors may draw reasonable inferences from the evidence). If the offense occurred before I.G. was born, J.G. could not have been older than five when it happened.

To the extent, then, that there was evidence from which jurors could believe J.G. was six or seven, and there was evidence from which they could believe she

–6–

was no older than five, it was up to those jurors to resolve the conflicting evidence. We must defer to their resolution. *See Edward v. State*, 635 S.W.3d 649, 656 (Tex. Crim. App. 2021) ("When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination.").

We conclude the evidence is sufficient to support the jury's finding that J.G. was under six when she was assaulted by appellant. We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

210187f.u05
Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MILVIO SALGUERO-GONZALEZ,
Appellant

No. 05-21-00187-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-80804-
2020.
Opinion delivered by Justice
Pedersen, III. Justices Partida-
Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of August, 2022.