02-12-058-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00058-CR

 

 


 
 
 Angel
 Soto
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 432nd District
 Court
  
 of
 Tarrant County (1215211D)
  
 December
 6, 2012
  
 Opinion
 by Justice Dauphinot
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  We modify the trial court’s judgment to
delete the deadly weapon finding.  It is ordered that the judgment of the trial
court is affirmed as modified.

 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Ann Dauphinot

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00058-CR

 

 


 
 
 Angel Soto
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

The
jury found Appellant Angel Soto guilty of failure to stop and render aid, enhanced
by a deadly weapon finding, and assessed his punishment at six years’
confinement.  The trial court sentenced him accordingly, and he now appeals,
challenging the sufficiency of the deadly weapon evidence and arguing that the
trial court reversibly erred by excluding evidence of the complainant’s
intoxication.  Because we hold that the trial court correctly excluded irrelevant
evidence but that the evidence is insufficient to support the jury’s deadly
weapon finding, we delete the affirmative deadly weapon finding and affirm the
trial court’s judgment as modified.

On
September 19, 2010, Appellant struck Cornilio Hernandez, the complainant, with
his vehicle and then drove away from the scene.  The complainant died as a
result of the accident.  A few hours after the accident, Appellant turned
himself in and signed a confession admitting that he had left the scene of the
accident without stopping to render aid.

Appellant
was charged by indictment with failure to stop and render aid, enhanced by a
deadly weapon allegation.  At trial, the State called Dinette Mancilla, who
testified that she had called 911 to report seeing a pedestrian struck by a
vehicle, that she had stopped to assist the complainant, that she had observed
a young Hispanic man driving the car that hit the complainant, and that the
young Hispanic man had driven away from the scene.  The State also called
Jacquelin Wilson, who drove by the scene immediately after the accident. 
Wilson testified that at the scene, a woman asked her to follow the green car
leaving the scene.  Wilson called 911, reported the car’s license plate, and,
after following the car to a house, returned to the accident scene.

The
State also called Fort Worth Police Detective Trina Davis, who testified about
the crime scene and about locating the house identified by Wilson, where Davis
learned that the driver of the fleeing car was Appellant.

At
trial, when Appellant asked Davis about “items as a result of [her]
investigation” that she “became aware that [the complainant] had,” the State
objected on relevance grounds, and the trial court sustained the objection. 
The trial court then held a bench conference, at which Appellant argued that he
wanted to elicit evidence that the complainant had been on drugs at the time of
the accident and that the evidence was relevant because “the reason that [the
complainant] stepped out in front of [Appellant] is because he had all these
drugs in his system.”  The trial court asked Appellant to explain why whether the
complainant had had drugs in his system at the time of the accident was
relevant to Appellant’s failure to stop and render aid, given that the evidence
“would not go to a defense” to the charged offense.  Appellant argued that
“it’s not directly to a defense, . . . but it’s part of the story, and it won’t
make sense to the jury without . . . all the facts.”  The State objected to
evidence about any drug use by the complainant under evidence rule 404, and the
trial court sustained the objection on that basis and on the ground that the
evidence was hearsay.  The trial court granted the State’s motion in limine and
ruled that before asking any questions touching on whether the complainant had
any alcohol, narcotics, or other controlled substances in his system, Appellant
should approach the bench outside the presence of the jury.

The
State later called Dr. Lloyd White, a contract pathologist with the Tarrant
County Medical Examiner’s Office, who had performed the complainant’s autopsy. 
In compliance with the trial court’s order on the motion in limine, Appellant
approached the bench and informed the trial court that he wished to cross-examine
White about the complainant’s toxicology report.  Appellant stated that he
wanted to ask White, “[T]he fact that the guy was intoxicated and walked out in
front of the car, is that part of his cause of death, and if not, why not?” 
The trial court allowed Appellant to take White on voir dire outside the
presence of the jury.  At the conclusion of the voir dire, the State objected
that the evidence was “absolutely not even relevant to the elements of this
offense.”  The trial court ruled that based upon White’s conclusion that the
cause of death was blunt force trauma from the accident and that the drugs in the
complainant’s system were not a contributing factor, testimony concerning the
complainant’s intoxication or use of controlled substances was not relevant,
and any probative value was substantially outweighed by the prejudicial effect
of the evidence.

The
jury found Appellant guilty of failure to stop and render aid and also found that
his car was used as a deadly weapon.

In
his first issue, Appellant argues that the evidence is insufficient to support
the jury’s deadly weapon finding.  The State candidly agrees.  As opposed to
assault and manslaughter, the gravamen of the offense for which Appellant was
convicted, failure to stop and render aid, is “leaving the scene of the
accident.”[2]  Consequently,
the relevant time period for determining whether Appellant used or exhibited
his automobile as a deadly weapon is the time period of the commission of the
offense.[3]  That
is, the question of whether Appellant used or exhibited his automobile as a
deadly weapon is the time period after the complainant was hit.[4]  The
Cates court held that the evidence was insufficient to prove the
defendant had operated his vehicle in a manner capable of causing death or
serious bodily injury after the defendant was involved in an accident.[5]

Similarly,
Appellant was charged with using his motor vehicle as a deadly weapon during
the commission of failure to stop and render aid.  That is, he was accused of
using his automobile as a deadly weapon as he left the scene of the accident in
which the complainant was struck.  Both the State and Appellant point out that
no witness claimed to have observed Appellant driving recklessly from the scene
and that there was no evidence to support the deadly weapon finding.

The
sufficiency of the evidence is measured under the standard of Jackson v.
Virginia.[6]  In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.[7]  There is no evidence
from any source from which the jury could have found that Appellant operated
his vehicle in a manner capable of causing death or serious bodily injury as he
failed to stop and render aid and drove away from the scene of the accident
after he struck the complainant.  We sustain Appellant’s first issue in part.

Appellant
also requests in his first issue that we remand this case to the trial court
for a new trial on punishment.  In cases such as this one, in which the deadly
weapon finding has no effect on the grade of offense or range of punishment,[8] the
proper remedy, absent other reversible error, is to delete the deadly weapon
finding and affirm the trial court’s judgment as modified, not remand the case
for a new trial on punishment.[9]  We
therefore overrule the remainder of Appellant’s first issue.

In
his second issue, Appellant argues that the trial court reversibly erred by refusing
to allow him to present evidence of the complainant’s intoxication to the jury. 
Appellant contends that the complainant’s intoxication is relevant to the cause
of his death and to the complainant’s fault in the accident causing his
injuries and death.  But, as discussed above, the offense of failure to stop
and render aid involves only actions taken after the accident.[10]  The
complainant’s intoxication or sobriety when he was struck or his degree of
fault in the accident, therefore, is not relevant to whether Appellant failed
to stop and render aid.[11]  We
overrule Appellant’s second issue.

Having
sustained Appellant’s first issue in part, we modify the trial court’s judgment
to delete the deadly weapon finding, and having overruled the remainder of his
issues, we affirm the trial court’s judgment as modified.

 

 

LEE ANN DAUPHINOT JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  December 6, 2012









[1]See Tex. R. App. P. 47.4.





[2]Cates v. State, 102
S.W.3d 735, 738 (Tex. Crim. App. 2003).





[3]See id.





[4]See id.





[5]Id. at 738–39.





[6]Id. at 738 (citing Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)).





[7]Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Wise v. State, 364 S.W.3d 900, 903 (Tex. Crim.
App. 2012).





[8]See Tex. Transp.
Code Ann. § 550.021(c)(1) (West 2011) (providing that an offense involving an accident
resulting in death or serious bodily injury is a third-degree felony and
omitting any mention of a deadly weapon).





[9]Williams v. State,
970 S.W.2d 566, 566 (Tex. Crim. App. 1998); see Cates, 102 S.W.3d at
739.





[10]Cates, 102 S.W.3d
at 738.





[11]See id.; see
also Tex. Transp. Code Ann. § 550.021(a)–(b) (West 2011) (providing
elements of offense); Tex. R. Evid. 401 (providing definition of “relevant
evidence”), 402 (providing that irrelevant evidence is inadmissible).