

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00404-CR

RODAS ZEPEDAVEGA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Rodas Zepedavega was convicted after a bench trial of aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.01(a) (West 2011). In one issue, Appellant argues the evidence is insufficient to support his conviction.

Samuel Velasquez and his wife, Santoleonor Sanchez, rented space in their apartment to Appellant. On February 11, 2011, the three argued after

---

[1]*See* Tex. R. App. P. 47.4.

Appellant was playing loud music and would not turn it down. Appellant admits that he was drunk during this time. Velasquez forced Appellant to leave the apartment, and Velasquez and Sanchez retreated to their bedroom. Appellant broke a window to get back into the apartment. Appellant then broke through the door on Velasquez and Sanchez's bedroom and cut Velasquez twice with a knife. Appellant fled by jumping from the second-floor balcony. Once police officers arrived at the scene, Appellant returned to the apartment and asserted that he had been the victim of an assault.

At trial, Appellant argued that Velasquez was jealous because Sanchez would give Appellant food. Appellant claimed that Velasquez attacked him and threw him off the balcony. Appellant testified that he broke the window when he leaned against it. He denied that he attacked and cut Velasquez. The trial court found Appellant guilty of aggravated assault with a deadly weapon of Velasquez and sentenced Appellant to two years' confinement.[2]

In his sole issue, Appellant argues that the evidence was insufficient to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*

---

[2]Appellant was charged and tried for aggravated assault of Sanchez arising from the same incident. The trial court found Appellant not guilty of that offense.

*v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wise*, 364 S.W.3d at 903. Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We must presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise*, 364 S.W.3d at 903.

Appellant asserts that the trial court erred in failing to rely on his testimony and find him not guilty of the assault:

> While the couple both testified as [to] the sequence of events from their point of view, . . . Appellant's testimony is equally plausible. . . . It seems incredible that Appellant would jump from a balcony . . . . It seems far more credible that Appellant was attacked and was thrown off of the balcony, as Appellant testified.

We may not make credibility determinations that counter a fact finder's judgment. *See Isassi*, 330 S.W.3d at 638. Here, the trial court chose to credit Velasquez's and Sanchez's versions of events regarding the assault of Velasquez, which are sufficient to support the verdict. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (holding all evidence must be considered in sufficiency review, including evidence conflicting with defendant's theory of case), *cert denied*, 529 U.S. 1131 (2000); *Woods v. State*, Nos. 01-03-00380-CR, 01-03-00381-CR,

3

2004 WL 1584900, at *6 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) ("Faced with different versions of the events that took place inside the apartment that evening, the trial court simply chose not to believe appellant's testimony . . . ."); *Baker v. State*, 986 S.W.2d 271, 276 (Tex. App.—Texarkana 1998, pet. ref'd) (holding fact finder may resolve conflicts in evidence and "may accept one version of facts and reject another or reject any of a witness's testimony"). We defer to the trial court's resolution of the conflicting evidence.

Thus, we overrule the issue and affirm the trial court's judgment.

LEE GABRIEL<br>
JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 30, 2013