**AFFIRMED and Opinion Filed January 18, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00202-CR**

**MURARI RAO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-88025-2019**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Nowell

A jury convicted Murari Rao of driving while intoxicated. In a single issue, appellant argues the evidence is insufficient to sustain the conviction. We affirm the trial court's judgment.

When reviewing the sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the verdict. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). The verdict will be upheld if any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Id.* "This familiar standard gives full play to the responsibility

of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of the weight and credibility of the evidence. *Edward*, 635 S.W.3d at 655. When considering a claim of evidentiary insufficiency, we must keep in mind that a juror may choose to believe or disbelieve all, some, or none of the evidence presented. *Id*. Further, while jurors may not base their decision on mere speculation or unsupported inferences, they may draw reasonable inferences from the evidence. *Id*. The evidence is sufficient to support a conviction, and thus the jury's verdict is not irrational, if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* at 655-56 (quoting *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)). When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination. *Id.*

As charged in the information, a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04(a).

The evidence presented at trial shows that just after 1:00 a.m. on September 21, 2019, the police received multiple calls about a vehicle parked in the right-hand lane of State Highway 121. The responding officer found appellant's vehicle blocking the roadway. Appellant was "passed out" in the driver's seat, the vehicle

was turned off, and the keys were in the ignition. Based on his observations, the responding officer believed appellant had been operating the motor vehicle. The jury saw footage from the officer's body and dashboard cameras.

A second officer, the arresting officer, banged on appellant's window and yelled at him to wake up. The officer noted appellant was confused, smelled of alcohol, and had "extreme bloodshot eyes, slurred speech." Appellant failed the field sobriety testing. The officer believed appellant had been operating a motor vehicle and was intoxicated. The jury also saw footage from her body-worn camera.

Appellant was arrested and a warrant was obtained to draw his blood. The blood draw occurred at approximately 4:00 a.m. Appellant's blood alcohol concentration was .229, which is greater than the legal limit of .08.

Having reviewed the record, we conclude there is sufficient evidence for a jury to reasonably conclude appellant was intoxicated while operating a motor vehicle in a public place. *See Edward*, 635 S.W.3d at 655; *see also* TEX. PEN. CODE ANN. § 49.04(a). Although appellant testified in his defense and explained he had not been driving while intoxicated, the jury was free to disbelieve his testimony. *See Edward*, 635 S.W.3d at 655.

We overrule appellant's sole issue. We affirm the trial court's judgment.

/Erin A Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220202F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MURARI RAO, Appellant

No. 05-22-00202-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-88025-2019.
Opinion delivered by Justice Nowell. Justices Partida-Kipness and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 18, 2023