**Opinion issued May 23, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-23-00157-CR**

_____

**RENE MERCADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1622181**

**MEMORANDUM OPINION**

Appellant Rene Mercado appeals his conviction for sexual assault. *See* TEX. PENAL CODE § 22.001(a)(1)(A). Mercado was found guilty by a jury, and the jury assessed punishment at seven years' imprisonment. On appeal he argues that the evidence is legally insufficient to support his conviction. We affirm.

## Background

The complainant, J.A., testified that in November 2017 she was a 19-year-old college student. On the night in question, J.A. went out to dinner and to a bar in Midtown Houston with Alina (a 21-year-old friend from college) and Mercado, who was 32 years old. Mercado was Alina's boyfriend. He did not go to college with J.A. and Alina, but J.A. knew him because they went to the same gym.

J.A., Alina, and Mercado drank alcohol at the Midtown bar. According to J.A., Mercado had about five shots, and she had about three mixed drinks. Rather than drive home to her parents' house in Katy, J.A. asked to stay the night with Alina. Alina agreed, and J.A. soon learned that meant staying the night at Mercado's apartment.

J.A. left her car and rode with Mercado and Alina to Mercado's one-bedroom apartment. J.A. slept in the bed, which was a mattress on the floor, while Alina and Mercado slept on the living room floor. In the middle of the night, J.A. woke up several times. First, she woke up and found Alina and Mercado asleep on the floor in the bedroom rather than the living room. At the time, she did not think much of it and went back to sleep. Second, J.A. woke up and felt as if she had been dreaming. She described that she felt the sensation of bugs in the bed, as if something was crawling on her legs. She woke up and saw Mercado, crouched

over the bed with his arm under the covers. Mercado quickly went back to bed sleep on the bedroom floor. J.A. then went to the bathroom and back to sleep.

J.A. woke up a third time. J.A. was in the fetal position, and she felt Mercado's hand across her face, covering her mouth. He grabbed her face and made her look at him. She was afraid. He then inserted his penis into her vagina. She testified that she was trying to tell him no, but his hand covered his mouth. She also tried to move away and squirm as much as she could, but she was much smaller than he was, and she could not push him off. J.A. testified that Mercado tried to kiss her, grabbing her face, and pulling it close to him. He told her, "It already happened. Meet me in the other room so we can finish, or I can finish." J.A. continued to tell him no and tell him to stop.

J.A. woke up Alina and told Alina that Mercado had "just tried to have sex" with her. J.A. testified that at this point she realized she had been raped. Alina left the room and went to talk to Mercado. After fifteen minutes, J.A. went into the living room but discovered that Alina and Mercado were not there. She found them outside in the parking lot. Mercado was sitting on a curb crying while Alina stood and yelled at him. J.A. told Alina she wanted to leave. Alina drove J.A. back to her car downtown.

J.A. drove home to Katy. She avoided seeing her parents. She changed clothes but did not shower, as she had learned that one should not shower after a

3

sexual assault. She completed a final exam for a college course and returned to her home in the evening. She then told her mother what had happened, and her mother took her to the hospital. J.A. testified that she was interviewed by law enforcement and the hospital conducted a sexual assault examination. J.A. identified Mercado in the courtroom as the person that sexually assaulted her.

The Sexual Assault Nurse Examiner ("SANE") nurse who examined J.A. at the hospital testified at trial. She explained that her exam includes taking a patient history verbatim, assessing the patient's body from head to toe for signs of trauma, and swabbing for bodily fluids. She recounted J.A.'s description of what had happened and described the swabs she collected for further examination.

A detective from the Houston Police Department testified that he spoke with J.A. at the hospital in November 2017. In January 2018, he interviewed Mercado and Alina separately at Mercado's apartment. Mercado denied touching or sexually assaulting J.A. Mercado provided buccal swabs for DNA testing. Detective Johns received DNA lab reports from the Houston Forensic Science Center in May. At the DNA analyst's suggestion, he requested additional testing from Bode Laboratory.

India Henry, a forensic analyst who had analyzed the DNA samples during her employment at the Houston Forensic Science Lab, testified that swabs from J.A.'s inner labia majora and minora were positive for male DNA. Thus, these

4

swabs were sent for further DNA testing. This testing showed DNA from at least three contributors, at least one of whom was male. She could determine that the major contributor was J.A. The sample did not allow for further differentiation of the contributors. She recommended that the samples undergo a second type of testing.

A forensic DNA analyst from Bode Technology testified that she performed Y-STR testing on the sample. This testing is specific to the male chromosome and shows results of a paternally inherited profile, where all males in a family would have the same DNA profile. She tested the swabs taken from J.A. and compared to the DNA sample given by Mercado. She found that Mercado could not be excluded as a contributor to the Y-STR profile found on the sample from J.A. She testified that a Y-STR profile is not unique to an individual, and is instead paternally inherited, meaning that small group of individuals, including Mercado's sons, if any, father, and grandfathers, would have the same profile. She could conclude that Mercado "cannot be excluded" as a contributor to the DNA found on the swab.

The jury found Mercado guilty of sexual assault and assessed his punishment at seven years' imprisonment.

## Sufficiency of the Evidence

In his sole issue, Mercado argues that the evidence was legally insufficient to support his conviction. He argues that J.A.'s testimony was not credible, and that the DNA evidence was "presented to the jury as meaning much more than it did." App. Br. at 25–26.

### A.    Standard of Review

We review the legal sufficiency of the evidence by considering all the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jeansonne v. State*, 624 S.W.3d 78, 91 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the elements of the offense beyond a reasonable doubt. *Jeansonne*, 624 S.W.3d at 91. We defer to the responsibility of the fact finder to resolve conflicts fairly in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

In reviewing the sufficiency of the evidence, a court must consider both direct and circumstantial evidence and any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012)

(evidence-sufficiency standard of review same for both direct and circumstantial evidence). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury, as the judge of the facts and credibility of the witnesses, can choose to believe or not to believe the witnesses or any portion of their testimony. *Jeansonne*, 624 S.W.3d at 92.

A person commits the offense of sexual assault if the person intentionally or knowingly causes the penetration of the anus or sexual organ of another person by any means, without that person's consent. TEX. PENAL CODE § 22.011(a)(1)(A).

## B.    Analysis

As detailed above, J.A. testified that in November 2017 she went to a bar with Mercado and his girlfriend, Alina. J.A. asked to stay with Alina overnight rather than drive home after drinking. J.A. stayed at Mercado's apartment with Alina. J.A. went to sleep in the bedroom while Alina and Mercado went to sleep in the living room. J.A. woke three times in the night. The first time she realized that Alina and Mercado were sleeping on the floor in the room with her rather than in the living room. The next time she woke up, she felt as though something was crawling on her legs and saw Mercado crouched over the bed with his hands under the covers. The third time she woke up, Mercado covered her mouth with his

7

hands. While she tried to say no and push him off, he inserted his penis into her vagina. He then told her to come with him to another room so that "he could finish." Instead, J.A. woke Alina and told her that Mercado had raped her. Alina eventually drove J.A. to her car, and J.A. went home to Katy. J.A. told her mother what had happened later that same day. J.A. then went to the hospital, participated in a SANE examination, and spoke with law enforcement.

The jury heard from two DNA analysts at trial. The analysts compared Mercado's buccal swab with a sample collected from J.A.'s inner labia majora and labia minora. The major component of the sample from J.A. was J.A. herself. The testing could not differentiate the minor contributors to the sample, so the sample was sent for a second type of testing. A second analyst affirmed through a different kind of DNA testing that Mercado could not be excluded as a contributor to the male DNA found on the swab from J.A. The testing she performed established a profile for paternally inherited DNA. She testified that multiple individuals could have the paternally inherited profile, such as sons, father, grandfathers, so "we cannot use the word 'matched' or 'concluded.' We can just say that the individual [Mercado] cannot be excluded."

Mercado argues that there are inconsistences in J.A.'s testimony. He points out that J.A. was dreaming during some of the events she recounted. She described the feeling of bugs on her legs and that she thought she was having a dream about

8

bugs in the bed. He also argues that she first testified that she saw him crouched over the bed with his arm under the covers, but on cross-examination, she said she did not see his arm under the covers and only felt his arm. Mercado contends that J.A.'s testimony is not credible because she testified that she told Alina, "Your boyfriend just *tried* to have sex with me." (Emphasis added).

To the extent that Mercado's arguments focus on the credibility of J.A.'s testimony or consistency of the evidence, the jury was the sole judge of the credibility of the witnesses at trial, and we defer to the responsibility of the fact finder to fairly resolve conflicts in the testimony, weigh evidence, and draw reasonable inferences from facts. *Jeansonne*, 624 S.W.3d at 93 (citing *Williams*, 235 S.W.3d at 750). A conviction for sexual assault is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within a year of the date on which the offense is alleged to have occurred. TEX. CODE CRIM. PROC. art. 38.07.

Finally, to the extent that Mercado contends that the State's DNA analyst overstated the DNA results, the jury was entitled to find Mercado guilty of sexual assault based solely on J.A.'s testimony, which required no corroboration, whether by DNA evidence or other evidence. *See Pena v. State*, 441 S.W.3d 635, 641-42 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (neither DNA nor physical

9

evidence of trauma or abuse is required to support a sexual assault conviction); *see also Jeansonne*, 624 S.W.3d at 93 (affirming conviction for sexual assault of child and rejecting defendant's complaint about lack of DNA evidence because such evidence is not required); TEX. CODE CRIM. PROC. art. 38.07.

We overrule Mercado's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).